IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EMPLOYBRIDGE, LLC et al., a California
Limited Liability Company, and
EMPLOYMENT SOLUTIONS
MANAGEMENT, INC., a Georgia
Corporation,

      Plaintiffs,

    v.                                                    Civ. No. 16-833 WJ/KK

RIVEN ROCK STAFFING, LLC et al., a Nevada
Limited Liability Company, LARRY SHAUN
SHEPHERD, an individual, CATHERINE
OLINGER, an individual, TERRY MILLER,
an individual, TIMOTHY JACQUEZ, an
individual, and Does 1 through 25, inclusive,

      Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

THIS MATTER comes before the Court upon Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed August 15, 2016 **(Doc. 19).** A hearing has been set in this case for August 18, 2016 on Plaintiffs' Motion for Temporary Restraining Order (Doc. 2). After Defendants filed their Motion to Dismiss for Lack of Subject Matter Jurisdiction, Plaintiffs filed an expedited response as ordered by the Court. *See* Docs. 21, 24. Having reviewed the parties' briefs and applicable law on the jurisdictional issue, the Court finds that Defendants' motion is not well-taken and shall be denied as moot.

## BACKGROUND

Plaintiffs (or "EmployBridge")[1] provide staffing and workforce management services throughout the company, including Albuquerque, in a variety of staffing sub-markets. Defendants are former employees currently operating a competing business under the name Riven Rock Staffing, LLC ("Riven Rock") which is located only three miles from their previous work location at EmployBridge. Plaintiffs are suing Defendants for breaching their employment agreements which include provisions relating to non-competition, non-solicitation and non-disclosure of trade secrets/confidential information.

In the complaint, Plaintiffs assert diversity jurisdiction based on the fact that "all members of EmployBridge, LLC are citizens of California, Georgia or Delaware" and that the individual defendants are citizens domiciled in New Mexico. Compl., ¶¶4, 7-10, 13. The complaint also asserts that Riven Rock is a limited liability company organized and existing under the laws of the State of Nevada with its principal place of business in Albuquerque, New Mexico. Compl., ¶6. Defendants contend that diversity jurisdiction is lacking and moves for dismissal on that basis.

## DISCUSSION

Where the complaint does not assert a federal question, federal district courts have original jurisdiction of civil actions where there exist both complete diversity of citizenship and an amount in controversy in excess of $75,000.00. *See Carden v. Arkoma Associates*, 494 U. S. 185, 187 (1990). However, Defendants contend that Riven Rock's citizenship is in California rather than New Mexico, based on the citizenship of its two members, Ashkan Abtahi and Donyelle Rose. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38

---

[1] While there is more than one plaintiff in this lawsuit, Plaintiff EmployBridge seems to have taken the lead in the briefing, which is the reason the Court will refer to Plaintiffs at times in the singular form, "EmployBridge."

(10th Cir. 2015) (the citizenship of limited liability companies is determined by the citizenship of their members and not their principal place of business). The declarations attached to the motion indicate that the only members of Riven Rock are Mr. Abtahi and Ms. Rose and that they are both citizens of California, which theoretically would destroy complete diversity.[2]  Exs. A & B. Plaintiffs appear to question whether either of these two individuals are members are indeed members of Riven Rock, but have chosen to concede that there is a lack of complete diversity of citizenship as required under 28 U.S.C. §1332 rather than engage in jurisdictional discovery get to the bottom of the issue. Instead, Plaintiffs have filed an Amended Complaint pursuant to Rule 15(a)(1)(B), which permits a party to amend "as a matter of course."

Federal-question jurisdiction exists for all claims "arising under the Constitution, laws, or treaties of the United States." *Nicodemus v. Union Pac. Corp.,* 318 F.3d 1231, 1235 (10th Cir.2003)  quoting 28 U.S.C. § 1331), *reh'g en banc granted,* (10th Cir. Apr. 22, 2003). A case arises under federal law if its well-pleaded complaint establishes "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.* (internal quotation marks omitted).

The Amended Complaint adds a claim under the Defend Trade Secrets Act, 18 U.S.C. §1833, et seq. which provides federal courts with original jurisdiction over claims involving the misappropriation of trade secrets used in interstate commerce. 18 U.S.C. § 1836(b)(1). *See* Doc. 23 (Am. Compl.).  Plaintiffs state that this claim is based in part on the results of a forensic examination of the desktop computers that EmployBridge issued to Defendants Shepherd and

---

[2] The Court conducted its own business entity internet search in Nevada, and found a listing for Mr. Abtahi as the "managing member" of Riven Rock Staffing, LLC, with a Nevada address.  A New Mexico business entity internet search showed Mr. Shepherd listed as a registered agent and Mr. Abtahi and Ms. Rose listed as managers, with both of these individuals listed as having a "NM, USA" address.  Plaintiffs note that neither Mr. Abtahi nor Ms. Rose appears anywhere on Riven Rock's website. Doc. 24 at 2. However, because Plaintiffs concede a lack of diversity jurisdiction, any confusion caused by the significance of these individuals or where they live is irrelevant at this point.

Jacquez, which revealed that both of these individuals forwarded multiple emails (thousands, in Shepherd's case) from their EmployBridge email accounts to their personal email accounts several months before they resigned from EmployBridge.  Plaintiffs describe the contents of the emails as containing confidential and/or trade secret information which would allow a competitor to undercut EmployBridge's margin and gain a larger share of the business, such as:

- profit and loss statements;
- customer and prospect contact information;
- pricing and margin information;
- temporary employee contact information;
- City of Albuquerque's insurance requirements;
- an overview of new accounts in the Albuquerque territory and EmployBridge's gross margin per sales representative; and
- list of contact names and telephone numbers of trucking companies in the Albuquerque area which EmployBridge had purchased from a third-party vendor.

Plaintiffs contend that Defendants' actions as described in the Amended Complaint are violations of the Defend Trade Secrets Act.  Plaintiff also ask the Court to exercise its inherent powers of supplemental jurisdiction over the remainder of Plaintiffs' claims, which are state law claims, pursuant to 28 U.S.C. §1367.

A plaintiff may amend a complaint to assert a basis for federal jurisdiction.  *See, e.g., Stream Pollution Control Bd. Of State of Ind. V. U.S. Steel Corp.,* 512 F.2d 1036 (7th Cir. 1975) (question whether district court had jurisdiction of underlying claim would be answered by reference to allegations in the amended complaint, unaided by additional allegations in pleadings submitted in support of motion to intervene); *E.M. Trucks, Inc. v. Central States, Southeast and southwest Areas Pension Plain,* 517 F.Supp.1122 (D.C. Minn. 1981) (Although jurisdiction did not exist under the original allegations in complaint, plaintiffs would be permitted to amend their complaint to allege jurisdiction pursuant to this section under which federal question jurisdiction existed).  The Court finds that the new Count One in Plaintiffs' Amended Complaint provides a

basis for federal jurisdiction under the well-pleaded complaint rule, and that Defendants' motion is rendered moot by the filing of Plaintiffs' Amended Complaint.

At this time, however, the Court makes no determination on whether to exercise its discretion over the remaining claims under 28 U.S.C. §1367, in the event the federal claim does not survive. *See Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir.1998) (when all federal claims have been dismissed, the court . . . "usually should decline to exercise jurisdiction over any remaining state claims").

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction **(Doc. 19)** is hereby DENIED AS MOOT for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE