## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

EMPLOYBRIDGE, LLC, a California
Limited Liability Company, and
EMPLOYMENT SOLUTIONS
MANAGEMENT, INC., a Georgia
Corporation,

            Plaintiffs,

      v.                                     Case No. 1:16-cv-00833 WJ/KK

RIVEN ROCK STAFFING, LLC, a Nevada
Limited Liability Company, LARRY SHAUN
SHEPHERD, an individual, CATHERINE
OLINGER, an individual, TERRY MILLER,
an individual, TIMOTHY JAQUEZ, an
individual, and Does 1 through 25, inclusive,

            Defendants.

### DEFENDANT RIVEN ROCK STAFFING LLC'S ANSWER TO AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Comes now Defendant Riven Rock Staffing, LLC, through its counsel of record, and sets forth its Answer to Plaintiffs' Amended Complaint for Damages and Injunctive Relief as follows:

1.      Paragraph 1 does not comply with Fed. R. Civ. P. 8.  Notwithstanding, Defendant admits that the Amended Complaint sets forth allegations that Defendant and/or the individually named Defendants violated New Mexico common law and/or state or federal statutes, but Defendant denies that it violated any laws and denies all remaining allegations in paragraph 1.

2.      Defendant denies the allegations in Paragraphs 2-3.

## PARTIES

3.      Defendants admit the allegations in Paragraphs 4 & 6.

4.      Defendant admits the first sentence of Paragraph 5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 5 and therefore denies the same.

5.      Defendant admits the allegations in Paragraph 7, but avers that Plaintiffs have made an arbitration demand against Shepherd and therefore any and all legal claims against him must be adjudicated in arbitration.

6.      Defendant admits the allegations in Paragraph 8, but avers that Plaintiffs have made an arbitration demand against Shepherd and therefore any and all legal claims against him presumably should be adjudicated in arbitration under the Federal Arbitration Act and New Mexico Uniform Arbitration Act.

7.      Defendant admits the allegations in Paragraphs 9-10.

8.      Paragraph 11 contains allegations to which a response is unnecessary, but Defendant denies that unknown Does 1-25 are proper defendants, denies that there are any other Defendants who should, or could, be named in this lawsuit and avers that the Court actually decides whether Plaintiffs can amend to insert any true names and capacities pursuant to Fed. R. Civ. P. 15.

9.      Defendant denies the allegations in Paragraph 12 and denies that the allegations set forth therein on "information and belief" were made in good faith, after reasonable inquiry.

## JURISDICTION AND VENUE

10.     Defendant admits the allegations in Paragraph 13-14 as to itself, but avers that Plaintiffs have made an arbitration demand against Defendants Shepherd and Olinger and aver that arbitration is the proper forum for the adjudication of the claims against those two (2) defendants.

## FACTUAL ALLEGATIONS

11.     Defendant admits, "upon information and belief," the allegations in Paragraphs 15-16.

12.     Defendant admits that EmployBridge presumably enjoys relationships with its various customers throughout the United States, including in New Mexico, but Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17, including but not limited to the claims that its customer relationships are "near-permanent," and conditionally "if not permanently," and therefore denies the same.

13.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 and therefore denies the same.

14.     Defendant admits that, like any business, Plaintiffs' employees indubitably contribute to its success, as alleged in paragraph 19, but it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies the same.

15.     Defendant admits the allegations that EmployBridge, in part, attracts new customers through the methodology alleged and that is has developed and maintained valuable customer relationships and some good will with certain customers, but denies the remaining allegations in Paragraph 20.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies the same.

17.     Paragraphs 22-24 do not raise any specific allegations against this Defendant and no response is therefore necessary, but to the extent one is Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to Shepherd and therefore deny the same.

18.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first two sentences of paragraph 25 and therefore denies the same. Defendant denies the allegations in the last sentence of paragraph 25 and denies that the allegation made on "information and belief" was made in good faith, after reasonable inquiry.

19.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first two sentences of paragraph 26 and therefore denies the same. Defendant denies the allegations in the last sentence of paragraph 26 and denies that the allegation made on "information and belief" was made in good faith, after reasonable inquiry.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies the same.

21.     Paragraph 28 does not assert any allegations against this Defendant and no response is necessary, but to the extent one is necessary Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28, and therefore denies the same.

22.     Paragraph 29 does not assert any allegations against this Defendant and no response is necessary, but to the extent one is necessary Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29, and therefore denies the same.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore denies the same.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 31-32, and therefore denies the same.

25.     Defendant denies the allegations in paragraph 33 as stated.

26.     Paragraph 34 does not contain allegations directed to this Defendant and therefore no response is necessary, but to the extent one is Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same. Defendant also avers that Olinger's Employment Agreement nowhere contains a one year/15 mile radius non-competition covenant, as reflected by the plain language of the Employment Agreement that Plaintiffs attached to both the original Complaint and the Amended Complaint as Exhibit 2.

27.     Paragraphs 35-39 do not contain allegations directed to this Defendant and therefore no response is necessary, but to the extent one is necessary Defendant admits that Shepherd's purported agreement contains the language cited in Paragraphs 35-39 and that Olinger's agreement does, for the most part, reflect the same or similar language, including an arbitration provision, but denies any remaining allegations in paragraphs 35-39.

28.     Defendant admits that Plaintiffs have correctly incorporated the language from their alleged Employment Agreement, but Defendant denies the remaining allegations in paragraph 40.

29.     Paragraph 41-46 do not contain allegations directed to this Defendant and no response is necessary, but to the extent one is necessary Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the same.

30.     Defendant admits the allegations in paragraph 47 and in the first sentence of paragraph 48, but denies the allegations in the second sentence of paragraph 48.

31.     The allegations in paragraph 49 are not directed to this Defendant and therefore no response is necessary, but to the extent one is necessary Defendant denies the allegations that Olinger and Shepherd are involved in a scheme, through Riven Rock, to breach their agreements and denies any remaining allegations in paragraph 49.

32.     Paragraph 50 is not directed to this Defendant and no response is necessary, but to the extent one is Defendant admits that Riven Rock hired Miller subsequent to his resignation at EmployBridge, but denies the remaining allegations in paragraph 50 and denies that Plaintiffs had a good faith basis, after reasonable inquiry, to make this allegation "on information and belief."

33.      Paragraph 51 is not directed to this Defendant and therefore no response is necessary as to him, but to the extent one is Defendant denies the allegations in paragraph 51 and denies that Plaintiffs had a good faith basis, after reasonable inquiry, to make this allegation "on information and belief."

34.     Paragraph 52 is not directed to this Defendant and therefore no response is necessary, but to the extent one is Defendant admits that Jacquez and Miller have taken positions with Riven Rock but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 52 and therefore denies the same; Defendant admits that Miller and Jacques are working on behalf of Riven Rock in a competitive endeavor, but denies the remaining allegations in the second sentence of paragraph 52.

35.     Defendant denies the allegations in paragraph 53 and 54 and denies that Plaintiffs had a good faith basis, after reasonable inquiry, to assert these allegations on "information and belief."

36.     Defendant denies the allegations in Paragraph 55.

37.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 56-60 and therefore denies the same. Defendant further denies that it

has been involved in any improper solicitation efforts and/or unlawfully interfered with any contracts or prospective business relationships. Notwithstanding, Defendant admits that Superior Ambulance Service, Inc. is doing some business with it.

38.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies the same.

39.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies the same. Notwithstanding, Defendant avers that it is not aware of any solicitation restrictions on LKQ by Ms. Fluitt and Plaintiffs have provided no agreement to that effect.

40.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies the same.

41.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies the same.

42.     Defendant denies the allegations in Paragraph 65 and avers that the City of Albuquerque is a public entity that recently sent out an RFP soliciting business from other competitors and that Riven Rock is permitted to submit information in response to the same.

43.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66-71 and therefore denies the same.

44.     Defendants deny the allegations in Paragraphs 72-73 and denies that Plaintiffs had a good faith basis, after reasonable inquiry, to assert these allegations "on information and belief."

**COUNT ONE**
**Violations of the Defend Trade Secrets Act**
**(All Defendants)**

45.     Defendant hereby incorporates by reference its previous Answers to the allegations set forth in 1-73 of the Amended Complaint.

46.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 75 and 76 and therefore denies the same.

47.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and therefore denies the same.  Defendant further avers that paragraph 77 also constitutes a legal conclusion and merely parrots the language of the D.T.S.A and therefore no response is necessary, but to the extent one is Defendant denies the same.

48.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies the same.

49.     Defendant denies the allegations in paragraph 79.

50.     Defendant denies the allegations in paragraph 80 and denies that Plaintiffs had a good faith basis, after reasonable inquiry, to assert the allegations in paragraph 80 "upon information and belief."

51.     Defendant denies the allegations in Paragraphs 81-83 and deny that Plaintiffs are entitled to any relief under the Act. Further, the D.T.S.A was not even enacted until May 2016, so Defendants aver that any conduct, unlawful or otherwise, that predated its enactment could give rise to a viable cause of action.

**COUNT TWO**
**Breach of Contract: Non-Competition Covenant**
**(Against Shepherd)**

52.     Defendant hereby incorporates by reference its previous Answers to the allegations set forth in 1-83 of the Amended Complaint.

53.     Paragraphs 85-88 & 90-91 do not contain allegations that are directed to this Defendant and therefore no response is necessary, but to the extent one is necessary Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the same.  As to paragraph 89, Defendant admits that Shepherd is currently providing services competitive with EmployBridge under its name and that the business office is fewer than 15 miles from EmployBridge's branch office, but denies the remaining allegations in paragraph 89.

**COUNT THREE**
**Breach of Contract: Non-Solicitation Covenant**
**(Against Shepherd and Olinger)**

54.     Defendant hereby incorporates by reference its previous Answers to the allegations set forth in 1-91 of the Amended Complaint.

55.     Paragraphs 93-99 do not contain allegations that are directed to this Defendant and therefore no response is necessary, but to the extent one is necessary Defendant denies that Shepherd and Olinger, as employees of Riven Rock, have violated any purportedly valid covenants and denies any remaining allegations in these paragraphs.

**COUNT FOUR**
**Breach of Contract: Non-Solicitation Covenant**
**(Against Shepherd, Olinger, Jacquez and Miller)**

56.     Defendant hereby incorporates by reference its previous Answers to the allegations set forth in 1-99 of the Amended Complaint.

57.     Paragraphs 101-107 do not contain allegations that are directed to this Defendant and therefore no response is necessary, but to the extent one is necessary Defendant denies that the individually named Defendants, as employees of Riven Rock, have violated any purportedly valid covenants and denies any remaining allegations in these paragraphs.

## COUNT FIVE
## Breach of Contract: Non-Disclosure of Confidential Information Covenant
### (Against Shepherd, Olinger, Jacquez and Miller)

58.     Defendants hereby incorporate by reference their previous Answers to the allegations set forth in 1-107 of the Amended Complaint.

59.     Paragraphs 109-115 do not contain allegations that are directed to this Defendant and therefore no response is necessary, but to the extent one is necessary Defendant denies that the individually named Defendants, as employees of Riven Rock, have violated any purportedly valid covenants and denies any remaining allegations in these paragraphs.

## COUNT SIX
## Tortious Interference with Contractual and Business Relations
### (Against All Defendants)

60.     Defendants hereby incorporate by reference their previous Answers to the allegations set forth in 1-115 of the Amended Complaint

61.     Paragraph 117 asserts allegations to which no response is necessary, but paragraph 117 is self-referential.

62.     Defendant admits the first sentence of paragraph 118, but denies the remaining allegations of paragraph 118.

63.     Defendant denies the allegations in paragraphs 119-123, denies that it tortiously interfered with any existing or prospective contractual relations, denies that Plaintiffs are entitled to any relief

and denies that Plaintiffs had a good faith basis, after reasonable inquiry, to make the allegations

on "information and belief."

### COUNT SEVEN
### Tortious Interference with Contractual and Business Relations
(Against Shepherd and Riven Rock)

64.     Defendants hereby incorporate by reference their previous Answers to the allegations set

forth in 1-123 of the Amended Complaint

65.     Paragraph 125 asserts allegations to which no response is necessary, but paragraph 125 is

self-referential.

66.     Defendant denies the allegation in paragraph 126 as stated and avers that the terms and

conditions of any purportedly valid non-solicitation covenant are set forth in Olinger's

Employment Agreement.

67.     Defendant denies the allegations in paragraphs 127-131, denies that Plaintiffs are entitled

to any relief, and denies that Plaintiffs had a good faith basis, after reasonable inquiry, to make

the allegations on "information and belief."

### COUNT EIGHT
### Tortious Interference with Contractual and Business Relations
(Against Olinger and Riven Rock)

68.     Defendant hereby incorporates by reference its previous Answers to the allegations set

forth in 1-131 of the Amended Complaint

69.     Paragraph 133 asserts allegations to which no response is necessary, but paragraph 133 is

self-referential.

70.     Defendant denies the allegation in paragraph 134 as stated and avers that the terms and

conditions of any purportedly valid non-competition covenant are set forth in Shepherd's

Employment Agreement.

71.     Defendant denies the allegations in paragraphs 135-139, denies that Plaintiffs are entitled

any relief, and denies that Plaintiffs had a good faith basis, after reasonable inquiry, to assert

these allegations on information and belief.

## COUNT NINE
### Tortious Interference with Contractual and Business Relations
### (Against Shepherd, Olinger, Miller and Riven Rock)

72.     Defendant hereby incorporate by reference its previous Answers to the allegations set

forth in 1-139 of the Amended Complaint

73.     Paragraph 141 asserts allegations to which no response is necessary, but paragraph 141 is

self-referential.

74.     Defendant denies the allegations set forth in paragraphs 142-147, denies that Plaintiffs are

entitled to any relief, and denies that the allegations set forth in Count Nine on "information and

belief" were asserted in good faith, after reasonable inquiry.

## COUNT TEN
### Tortious Interference with Prospective Business Advantage
### (Against All Defendants)

75.     Defendant hereby incorporates by reference its previous Answers to the allegations set

forth in 1-147 of the Amended Complaint

76.     Paragraph 149 asserts allegations to which no response is necessary, but paragraph 149 is

self-referential.

77.     Defendant admits that EmployBridge may have prospective economic relationships, as is

presumably true in any business, but denies the remaining allegations in paragraph 150.

78.     Defendant denies the allegations in paragraphs 151-157, denies that Plaintiffs are entitled

to any relief, and denies that the allegations in Count Ten based on information and belief were

made in good faith, after reasonable inquiry.

## COUNT ELEVEN
### Conspiracy
### (Against All Defendants)

79.     Defendant hereby incorporates by reference its previous Answers to the allegations set forth in 1-157 of the Amended Complaint

80.     Paragraph 159 asserts allegations to which no response is necessary, but paragraph 159 is self-referential.

81.     Defendant denies the allegations in paragraphs 160-166, denies that Plaintiffs are entitled to any relief and deny that the allegations made "on information and belief" were made in good faith, after reasonable inquiry.

## COUNT TWELVE
### Violation of the New Mexico Uniform Trade Secrets Act
### (Against All Defendants)

82.     Defendant hereby incorporate by reference its previous Answers to the allegations set forth in 1-166 of the Amended Complaint

83.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 168 and therefore denies the same.

84.     Paragraph 69 is a legal conclusion to which no response is necessary, but Defendant denies the allegations in paragraphs 169-176, deny that Plaintiffs are entitled to any relief and deny that the allegations made "on information and belief" were made in good faith, after reasonable inquiry.

85.     Defendant denies that Plaintiffs are entitled to any of the relief requested in their prayer for relief in paragraphs 1-9.

## AFFIRMATIVE DEFENSES

86.     Plaintiffs' Complaint fails to state a claim upon which relief may be granted including, but not limited, to Count One because the Defend Trade Secrets Act is prospective in its application and did not take effect until May 11, 2016; accordingly conducting pre-dating its enactment cannot properly form the basis for a legal claim under the Act.

87.     Plaintiffs' damages may be barred, in whole or in part, because they failed to mitigate their damages.

88.     Plaintiffs failed to perform under and/or engaged in a material breach of the Employment Agreements that are at issue in this lawsuit and therefore Defendant is entitled to utilize rescission of the agreements as a defense.

89.     The scopes of the post-employment covenants are unconscionable, not reasonably tailored in scope, not reasonably tailored to effect the legitimate business interests of Plaintiffs, and are against the public policy of the state of New Mexico.

90.     Plaintiffs' claims may be barred in whole, or in part, by the doctrine of unclean hands.

91.     All actions taken by the Defendant were reasonable, performed in good faith, and were taken with privilege and/or justification.

92.     Plaintiffs' claims may be barred in whole, or in part, by the doctrine of waiver, estoppel or waiver by estoppel.

93.     Plaintiffs failed to provide a "notice of immunity" waiver to the Defendants under the Defend Trade Secrets Act, thereby precluding recovery for attorney's fees and exemplary damages.

94.     Plaintiffs' claims for punitive damages, if excessive, would violate Defendant's rights to due process, equal protection and from excessive fines under the Constitutions of New Mexico

and the United States, as well as violate common law principles governing the award of punitive damages.

WHEREFORE Defendant prays that the Court dismiss Plaintiffs' Complaint in its entirety, enter Judgment in Defendant's favor, award Defendant its reasonable attorney's fees and expenses incurred in the defense of this matter, including the awarding of interest, and award any additional relief deemed just and proper.

Respectfully submitted,

MOODY & WARNER, P.C.

By:*/s/ 2016.09.09 by RDS*
  Christopher M. Moody
  Repps D. Stanford
4169 Montgomery Blvd N.E.
Albuquerque, New Mexico 87109
505.944.0033 (p)
moody@nmlaborlaw.com
stanford@nmlaborlaw.com
*ATTORNEYS FOR DEFENDANTS*

I HEREBY CERTIFY that the foregoing document was filed through the CM/ECF system which caused all counsel of record to be served by electronic means on this 9th day of September, 2016.

Thomas Stahl
Scott Gordon
Rodey, Dickson, Sloan, Akin & Robb, P.A.
201 3rd Street NW, Suite 2200
Albuquerque, NM 87102
Telephone: (505) 768-7240
tstahl@rodey.com

Daniel P. Hart
Seyfarth Shaw, LLP
1075 Peachtree Street NE, Suite 2500
Atlanta, GA 30309
Telephone: (404) 881-5433

Michael Cross
Seyfarth Shaw, LLP
400 Capital Mall, Suite 2350
Sacramento, CA 95814-4428
Telephone: (916) 498-7017
Facsimile: (916) 288-6330
*Attorney for Plaintiffs*

MOODY & WARNER, P.C.

By: */s/ Repps D. Stanford 2016.09.09*
        Repps D. Stanford