IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EMPLOYBRIDGE, LLC *et al.*,

    Plaintiffs,

v.                                                         Civ. No. 16-833 WJ/KK

RIVEN ROCK STAFFING, LLC *et al.*,

    Defendants.

## ORDER DENYING MOTION TO COMPEL

THIS MATTER comes before the Court on Plaintiffs' Motion to Compel with Memorandum of Law in Support (Doc. 49), filed November 10, 2016. The Court, having meticulously reviewed the parties' submissions and the relevant law, and being otherwise fully advised, FINDS that the motion is not well taken and should be DENIED.

### 1. Factual Background and Procedural History

In their Amended Complaint for Damages and Injunctive Relief, Plaintiffs EmployBridge, LLC and Employment Solutions Management, Inc. assert claims against Defendant Riven Rock Staffing, LLC ("Riven Rock"), and individual Defendants L. Shaun Shepherd, Catherine Olinger, Terry Miller, and Timothy Jacquez, under the Defend Trade Secrets Act, the New Mexico Uniform Trade Secrets Act, and state contract and tort law. (*See generally* Doc. 23.)  Specifically, Plaintiffs contend that Defendants have misappropriated Plaintiffs' trade secrets and confidential information, breached non-competition, non-solicitation, and/or non-disclosure agreements in the individual Defendants' employment contracts, and tortiously interfered with Plaintiffs' contractual and business relations and prospective economic advantage. (*Id.* at 22-38.) Plaintiffs and Defendant Riven Rock both operate specialty staffing businesses in the Albuquerque, New Mexico market; the individual Defendants left Plaintiffs'

employment and went to work for Defendant Riven Rock shortly after the latter company was formed. (*Id.* at 3-4, 15-17; Doc. 64-1 at 24-26.)

Plaintiffs contend that the discovery requests at issue in their motion to compel are "part of a broader effort to understand who owns, runs, *and is involved with* [Defendant] Riven Rock." (Doc. 64-1 at 115 (emphasis added).) More particularly, Plaintiffs contend the requests are designed to uncover evidence that non-parties D. Stephen Sorensen, Deborah Munoz,[1] Arlita Purser, Dave Tonick, and/or Marko Gortinski have conspired with Defendant Riven Rock to unfairly compete with Plaintiffs. (Doc. 49 at 2-3.) Specifically, Plaintiffs posit that these individuals have conspired with Defendant Riven Rock to "hire the [i]ndividual Defendants in violation of their non-competition/non-solicitations agreements," "target clients with whom the [i]ndividual Defendants worked while at EmployBridge," and "abscond[] with [Plaintiffs'] confidential and trade secret information." (Doc. 66 at 13.) Plaintiffs hypothesize this conspiracy—which is not alleged in Plaintiffs' Amended Complaint—based on various past and present business connections between Defendant Riven Rock's two principals (Ashkan Abtahi and Donyelle Rose), and Mr. Sorensen, Ms. Munoz, Ms. Purser, Mr. Tonick, and Mr. Gortinski, all of whom own, operate, or work for businesses in the staffing industry. (Doc. 49 at 5-10.)

According to Plaintiffs, Mr. Abtahi and Ms. Rose worked at a business called Select Staffing when Mr. Sorensen was its Chief Executive Officer. (Doc. 49 at 4, 7-8.) Select Staffing later merged with Plaintiffs, and Plaintiffs terminated Mr. Sorensen's employment shortly thereafter. (Doc. 49 at 4); *see Sorensen v. New Koosharem Corp.*, Civ. No. 2:15-1088 RGK/PJW, "New Koosharem Corporation's Answer to First Amended Complaint and Koosharem, LLC's First Amended Counterclaims," Doc. 65-8 at 2-3, Doc. 65-9 at 2, and Doc.

---

[1] According to Plaintiffs, Ms. Munoz is an "organizer" of Riven Rock Transportation, LLC, a "division" of Defendant Riven Rock that employs Defendants Miller and Jacquez. (Doc. 49 at 7 n.3.) However, neither Ms. Munoz nor Riven Rock Transportation, LLC is named as a party to this action. (*See generally* Doc. 23.)

65-10 at 2-3 (C.D. Cal. filed Jul. 23, 2015).  The Court takes judicial notice that Mr. Sorensen has been involved in litigation regarding his termination with New Koosharem Corporation, Plaintiffs' holding company, in the United States District Court for the Central District of California that began in February 2015.  (Doc. 53 at 4); *see generally Sorensen v. New Koosharem Corp.*, Civ. No. 2:15-1088 RGK/PJW (C.D. Cal.).  The Court will not further detail the alleged former and ongoing business connections between Defendant's principals and Plaintiffs, Mr. Sorensen, Ms. Munoz, Ms. Purser, Mr. Tonick, and Mr. Gortinski here, except to say that Plaintiffs have presented no evidence that any of the listed individuals has ever had an ownership interest in, or control over, Defendant Riven Rock.  (*See generally* Docs. 49, 64, 66.)

In the motion presently before the Court, Plaintiffs seek to compel Defendant Riven Rock to respond to Plaintiffs' Interrogatories Nos. 11 to 14 and Requests for Production Nos. 15 to 24.  (Doc. 49 at 1.)  These requests include prefatory instructions and definitions, which, *inter alia*, define Defendant Riven Rock to include "its parent, subsidiary, or affiliated companies, and its and their respective officers, directors, employees, representatives, agents, and attorneys, and all other persons or entities acting at the direction or on behalf of it or them."  (Doc. 64-1 at 3, 13.)  The term "Riven Rock Affiliate" is defined with similar breadth.  (*Id.*)  The instructions and definitions define "Sorensen" to mean Mr. Sorensen and "all representatives, successors, agents, investigators, attorneys, or other persons or entities acting at the direction or on behalf of them," and "Sorensen Affiliate" to include

> Sorensen, relatives of Sorensen, Esperer [Holdings, Inc.], Butler [America Holdings, Inc.], any individual or entity directly or indirectly controlling, controlled by, or under common control with any of the aforementioned persons or entities, and all individuals, officers, directors, employees, representatives, agents, and attorneys, and all other persons or entities acting at the direction or on behalf of any of them.

3

(*Id.* at 3-4, 13-14.) The term "[c]ommunications" is defined to include any "verbal intercourse, whether oral or written," and "[d]ocuments" to include "all written or graphic matter of every kind or description . . . and all tangible things." (*Id.* at 4, 14.) "Related [t]o" and "[r]elating [t]o" are defined to mean "being in any way legally, logically or factually connected with the matter discussed." (*Id.* at 6, 16.)

Pursuant to these definitions and instructions, in Interrogatories Nos. 11 to 14 and Requests for Production Nos. 15 to 24, Plaintiffs asked Defendant Riven Rock: (a) to identify, and produce documents sufficient to show, its "current and former creditors"; (b) to identify, and produce all documents relating to, any "agreements" between a Riven Rock Affiliate and a Sorensen Affiliate; (c) to identify all persons, including any Sorensen Affiliates, who have agreed to pay attorneys' fees relating to this lawsuit; (d) to produce all documents relating to any payments between a Riven Rock Affiliate and a Sorensen Affiliate, or by one affiliate on the other's behalf; (e) to produce all documents relating to any services a Sorensen Affiliate provided to a Riven Rock Affiliate or vice versa, and any services a Riven Rock Affiliate provided to a "company that Deborah Munoz, Arlita Purser, or David Tonick owns, is employed by, or is otherwise affiliated with"; and finally, (f) to produce all "[c]ommunications" between a Riven Rock Affiliate and a Sorensen Affiliate, Ms. Munoz, Ms. Purser, or Mr. Tonick. (Doc. 64-1 at 9, 18-19.)

Defendant Riven Rock objected to these requests, asserting that they are overbroad, overburdensome, and harassing, and seek information that is confidential and not relevant or reasonably calculated to lead to the discovery of admissible evidence. (Doc. 64-1 at 30-32, 41-45.) Plaintiffs moved to compel Defendant to respond to the requests on November 10, 2016. (Doc. 49 at 1.) In its response in opposition to the motion, *inter alia*, Defendant notes that

Plaintiffs served the disputed discovery requests on August 23, 2016, but shortly thereafter omitted Mr. Sorensen, Ms. Munoz, Ms. Purser, Mr. Tonick, and Mr. Gortinski from their Rule 26 initial disclosures.[2] (*See* Doc. 53 at 7-9; Doc. 53-2 at 1-5; Doc. 64-1 at 10, 20.) Plaintiffs did supplement their initial disclosures to include these individuals (except Mr. Gortinski), but not until November 1, 2016, *after* Defendants' counsel had pointed out the earlier omission in the context of this discovery dispute. (Doc. 49-1 at 102, 106-09.)

## 2. Analysis

According to Federal Rule of Civil Procedure 26, parties in a federal civil action "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Factors the Court is to consider in determining whether discovery is "proportional to the needs of the case" are:

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Id.* "The court's responsibility, using all the information provided by the parties, is to consider these . . . factors in reaching a case-specific determination of the appropriate scope of discovery." Fed. R. Civ. P. 26(b)(1), 2015 Amendment, Advisory Committee Notes. "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). However, "the legal tenet that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery." *Martinez v. Cornell Corr. of Tex.*, 229 F.R.D. 215, 218 (D.N.M. 2005) (citation

---

[2] In its response, Defendant also asserts that Plaintiffs' motion is untimely pursuant to Local Rule 26.6. (Doc. 53 at 11-12.) The Court need not reach this issue because, as discussed below, it finds that Plaintiffs' motion should be denied on its merits. Defendant further asks the Court to issue a protective order "prohibit[ing] Plaintiffs from serving harassing discovery and seeking to circumvent the appropriate discovery process through Rule 45 subpoenas." (*Id.* at 20-21.) However, the Court finds that Defendant has described the protective order it seeks with insufficient precision, and therefore declines to issue it at this time.

omitted).  Rather, discovery "is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support." *Id.* (citation omitted).  The Court will consider the disputed discovery requests in light of the foregoing standards.

      a.      <u>Interrogatory No. 11 and Request for Production No. 15</u>

In Interrogatory No. 11 and Request for Production No. 15, Plaintiffs ask Defendant Riven Rock to identify, and produce documents sufficient to show, "all" of its "current and former creditors."  (Doc. 64-1 at 9, 18.)  Plaintiffs argue that information about the "financing" of Defendant Riven Rock is relevant to their claims.  (Doc. 66 at 14-15.)  However, assuming this to be true, these requests are not limited to information about Defendant's financing.  As noted above, Plaintiffs defined Defendant Riven Rock to include "its parent, subsidiary, or affiliated companies, and its and their respective officers, directors, employees, representatives, agents, and attorneys, and all other persons or entities acting at the direction or on behalf of it or them."  (Doc. 64-1 at 3, 13.)  As such, and in light of the fact that the requests are not limited by, for example, the amount, purpose, or date of the credit the creditor extended, these requests include within their scope a sizable quantity of irrelevant information.  Merely by way of example, the requests could reasonably be read to seek identification of all of the banks that have issued a credit card to a Riven Rock employee, and all of the office supply vendors that have extended short-term credit to Defendant.  For these reasons, the Court finds that Interrogatory No. 11 and Request for Production No. 15 are overbroad and overburdensome, and seek information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and is disproportionate to the needs of the case.  The Court will deny Plaintiffs' motion to compel Defendant to respond to these requests.

b.      Interrogatory No. 12 and Request for Production No. 17

Interrogatory No. 12 and Request for Production No. 17 ask Defendant to identify, and produce all documents "[r]elating [t]o," all written and unwritten "agreements" between any Riven Rock Affiliate and any Sorensen Affiliate. (Doc. 64-1 at 9, 18.) These requests appear to be seeking evidence of the conspiracy that Plaintiffs have hypothesized between Defendant Riven Rock and Mr. Sorensen, Ms. Munoz, Ms. Purser, Mr. Tonick, and Mr. Gortinski. However, after careful consideration of the business connections Plaintiffs describe between Defendant's principals and the listed individuals, the Court finds that Plaintiffs have failed to demonstrate "a modicum of objective support" for such a conspiracy. *Martinez*, 229 F.R.D. at 218. Business connections between these individuals, all of whom appear to have worked in the specialty staffing industry for many years, seem to the Court unremarkable, and even expected. The fact that they have worked together and continue to conduct business with one another simply does not support an inference that they have conspired to engage in the wrongful acts alleged in Plaintiffs' Amended Complaint. Thus, at least at this juncture, Plaintiffs' quest for evidence of such a conspiracy is in the nature of a fishing expedition.

Further, even if Plaintiffs *had* presented a modicum of objective support for the conspiracy they hypothesize, these requests are not limited to seeking information that would tend to substantiate such a conspiracy. Rather, by asking for every written and unwritten agreement between anyone "affiliated" with Defendant and anyone "affiliated" with Mr. Sorensen, without any limitation as to date, subject matter, or purpose of the agreement, Plaintiffs have asked for a potentially vast quantity of information, most of which is patently irrelevant to their claims. In short, the Court finds that Interrogatory No. 12 and Request for Production No. 17 are overbroad and overburdensome, and seek information that is not relevant

or reasonably calculated to lead to the discovery of admissible evidence and is disproportionate to the needs of the case. The Court will therefore deny Plaintiffs' motion to compel Defendant to respond to these requests.

    c.    <u>Interrogatories Nos. 13 and 14</u>

Interrogatories Nos. 13 and 14 ask Defendant Riven Rock to identify every person, including any Sorensen Affiliate, who has paid or agreed to pay attorneys' fees "[r]elating [t]o" this lawsuit. (Doc. 64-1 at 9.) In their motion to compel Defendant to answer these interrogatories, Plaintiffs appear to suggest that if Mr. Sorensen, one of his family members, Esperer Holdings, Inc., Butler America Holdings, Inc., "any individual or entity directly or indirectly controlling, controlled by, or under common control with any of the aforementioned persons or entities," or any individual, officer, director, employee, representative, agent, attorney, or other person or entity acting at the direction or on behalf of any of the above entities, has agreed to pay any Defendant's attorneys' fees related to this case, that fact would support Plaintiffs' theory that Mr. Sorensen and other non-parties conspired with Defendant to engage in the wrongful acts alleged in Plaintiffs' Amended Complaint. (Doc. 49 at 9 n.4; Doc. 64-1 at 4, 14.)

Again, however, even assuming Plaintiffs' premise to be true, Interrogatories Nos. 13 and 14 are in the nature of a fishing expedition, because Plaintiffs have not demonstrated a modicum of objective support for the conspiracy about which the requests purport to seek information. *Martinez*, 229 F.R.D. at 218. Further, evidence that someone not affiliated with Mr. Sorensen, Ms. Munoz, Ms. Purser, Mr. Tonick, or Mr. Gortinski has agreed to pay a Defendant's attorneys' fees would have no bearing even on Plaintiffs' theory, much less on their actual claims. Thus, and having considered all of the factors listed in Rule 26(b)(1), including "the importance of the

8

discovery in resolving the issues," and "whether the burden . . . of the proposed discovery outweighs its likely benefit," the Court concludes that Interrogatories Nos. 13 and 14 are overbroad and overburdensome, and seek information that is of marginal or no relevance and disproportionate to the needs of the case.  The Court will deny Plaintiffs' motion to compel Defendant to respond to these requests.

        d.        Requests for Production Nos. 18, 19, and 20

In Requests for Production Nos. 18, 19, and 20, Plaintiffs ask Defendant to produce all documents "[r]elating [t]o any payments or transfers of funds (either directly or indirectly)" between a Riven Rock Affiliate and a Sorensen Affiliate, by a Riven Rock Affiliate on behalf of a Sorensen Affiliate, or by a Sorensen Affiliate on behalf of a Riven Rock Affiliate.  (Doc. 64-1 at 19.)  These requests are similar to Interrogatories Nos. 13 and 14 in that they appear to be fishing for evidence to substantiate the conspiracy Plaintiffs have hypothesized between Defendant and Mr. Sorensen and other non-parties.  However, these requests are even broader and more burdensome because, in contrast to Interrogatories Nos. 13 and 14, they do not limit the purpose of the payments about which they seek documentation, which could be, for example, simple compensation for services performed in the legitimate course of business between any two of the affiliated persons or entities described.  Thus, and for the reasons discussed in Section 2.c., *supra*, the Court concludes that Requests for Production Nos. 18, 19, and 20 are overbroad and overburdensome, and seek information that is of marginal or no relevance and disproportionate to the needs of the case.  The Court will deny Plaintiffs' motion to compel Defendant to respond to these requests.

  e.  Requests for Production Nos. 21, 22, and 24

Requests for Production Nos. 21, 22, and 24 ask Defendant to produce all documents relating to any services a Sorensen Affiliate provided to a Riven Rock Affiliate, and any services a Riven Rock Affiliate provided to a Sorensen Affiliate or to "any company that Deborah Munoz, Arlita Purser, or David Tonick owns, is employed by, or is otherwise affiliated with." (*Id.* at 19.) Plaintiffs appear to take the position that, if a Riven Rock Affiliate has provided a service to a Sorensen Affiliate or vice versa, or a Riven Rock Affiliate has provided a service to a company affiliated with Ms. Munoz, Ms. Purser, or Mr. Tonick, this supports their conspiracy theory. (*See, e.g.*, Doc. 49 at 7-8.) The Court disagrees. Plaintiffs have presented no evidence why a Riven Rock Affiliate and a Sorensen Affiliate (or a company affiliated with Ms. Munoz, Ms. Purser, or Mr. Tonick) should not be transacting business with one another, or why evidence of such transactions would support the theory that Defendant and Mr. Sorensen, Ms. Munoz, Ms. Purser, and Mr. Tonick conspired to commit wrongful acts against Plaintiffs. Moreover, these requests cast a net far too broad to be proportional to the needs of the case. By defining the terms "Riven Rock Affiliate" and "Sorensen Affiliate" with extraordinary breadth, and asking for all documents "relating to" every service provided to one affiliate by the other (or by a Riven Rock Affiliate to a company affiliated with Ms. Munoz, Ms. Purser, or Mr. Tonick), regardless of time, purpose, or circumstance, Plaintiffs again seek a potentially vast quantity of documents, most of them irrelevant. In short, the Court finds that Requests for Production Nos. 21, 22, and 24 are overbroad and overburdensome, and seek information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and is disproportionate to the needs of the case. The Court will deny Plaintiffs' motion to compel Defendant to respond to these requests.

f.        Requests for Production Nos. 16 and 23

Finally, in Requests for Production Nos. 16 and 23, Plaintiffs ask Defendant to produce all "[c]ommunications" between any Riven Rock Affiliate and any Sorensen Affiliate, Ms. Munoz, Ms. Purser, or Mr. Tonick. (Doc. 64-1 at 18-19.) These requests are the most egregiously overbroad and overburdensome of all of those currently in dispute. By seeking *all* communications between two very broadly defined entities, with no limitation as to the date, subject matter, or purpose of the communications, the requests seek a nearly boundless quantity of information, most of it of no relevance at all to Plaintiffs' claims, or even to their conspiracy theory. The Court finds that Requests for Production Nos. 16 and 23 are wholly overbroad and overburdensome, and seek information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and is completely out of proportion to the needs of the case. The Court will therefore deny Plaintiffs' motion to compel Defendant to respond to these requests.

### 3. Award of Expenses Under Rule 37

The Court will award Defendant Riven Rock its reasonable expenses incurred in responding to Plaintiffs' motion to compel. Pursuant to Federal Rule of Civil Procedure 37, if a motion to compel is denied, the Court must generally award expenses to the party opposing the motion, unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Here, the Court has denied Plaintiff's motion to compel, and does not find that the motion was substantially justified or that other circumstances make an award of expenses unjust. On the contrary, the eleventh-hour amendment of Plaintiffs' initial disclosures to add Mr. Sorensen, Ms. Munoz, Ms. Purser, and Mr. Tonick suggests either that (1) Plaintiffs were aware of the speculative and attenuated nature of their conspiracy theory

when they served the discovery requests at issue, or (2) Plaintiffs failed to disclose these witnesses in a timely manner as Rule 26(a)(1)(A) requires. For these reasons, the Court finds that Rule 37 entitles Defendant Riven Rock to an award of expenses.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Compel with Memorandum of Law in Support (Doc. 49) is DENIED.

IT IS FURTHER ORDERED that Defendant is to submit a fee petition with supporting affidavits documenting the expenses it reasonably incurred in responding to Plaintiffs' motion to compel within ten (10) days of entry of this Order. Plaintiffs may submit a response to the fee petition within ten (10) days after the fee petition is served on them.

IT IS SO ORDERED.

*Kirtan Khalsa*

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE