# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **EMPLOYBRIDGE, LLC**, a California Limited Liability Company, and **EMPLOYMENT SOLUTIONS MANAGEMENT, INC.**, a Georgia Corporation,<br><br>               Plaintiffs,<br><br>     v.<br><br>**RIVEN ROCK STAFFING, LLC**, a Nevada Limited Liability Company, **LARRY SHAUN SHEPHERD**, an individual, **CATHERINE OLINGER**, an individual, **TERRY MILLER**, and individual, **TIMOTHY JACQUEZ**, an individual, and Does 1 through 25, inclusive,<br><br>               Defendants. | Case No. 16-833-WJ/KK<br><br>**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL STEPHEN SORENSEN'S COMPLIANCE WITH DEPOSITION SUBPOENA** |

## REPLY IN SUPPORT OF MOTION TO COMPEL SORENSEN'S DEPOSITION

Plaintiffs EmployBridge, LLC, and Employment Solutions Management, Inc. (collectively, "EmployBridge") respectfully submit this Reply to support their Motion to Enforce Subpoenas Against Non-Party Stephen Sorensen.  (Dkt. No. 63, filed 12/08/16, "Motion".)[1]

## I.    INTRODUCTION

As set forth in EmployBridge's Motion, on October 29, 2016, EmployBridge served two subpoenas on Stephen Sorensen:  a subpoena compelling Sorensen to produce certain documents on November 14, 2016, and a subpoena compelling Sorensen to appear for a deposition in Santa Barbara, California (the city of Sorensen's residence) on December 1, 2016.  Sorensen refused to comply with either subpoena, but also did not file objections or move to quash.  As a result, EmployBridge filed a motion in the Central District of California to compel Sorensen's compliance.  (*See* Motion, Ex. B.)  Moreover, although EmployBridge refiled its Motion in this Court after the Central District of California transferred the Motion, Sorensen has filed no timely opposition here.[2]

Since filing its Motion, EmployBridge has obtained new evidence that demonstrates Sorensen possesses highly relevant information concerning Riven Rock's operations and the competitive activities at the heart of EmployBridge's claims.  As set forth in the accompanying Declaration of David Bell, according to defendant Shaun Shepherd himself, Sorensen is a controlling "silent partner" in Riven Rock, Sorensen is financing Riven Rock's operations, and

---

[1] The Motion was drafted to conform with the Local Rules of the United States District Court for the District of Central California, where it was pending.  When the Motion was ordered transferred, EmployBridge left it in its original form, but has done its best to conform the Motion to this Court's Local Rules, including its briefing requirements.  *See* D.N.M.LR-Civ. 7.

[2] Despite being served with the Motion on the day it was filed (Exhibit A, Cross Decl. ¶ 3, Ex. 1), Sorensen first filed an opposition brief in the Central District of California; then, twelve days after his opposition was due, Sorensen re-filed the same brief in this District, but in the wrong case.  (*See* Case No. 1:16-mc-00045-WJ, Dkt. No. 14, filed 1/3/2017.)

Sorensen is the person behind Riven Rock's business strategy to grow by deliberately recruiting EmployBridge's employees and poaching EmployBridge's customers.

With this new evidence, there can be little doubt that Sorensen has unique knowledge related to EmployBridge's claims, including the formation of Riven Rock, Riven Rock's improper targeting of EmployBridge's employees and customers, Shepherd and Olinger's roles in the formation and operations of Riven Rock, Riven Rock's knowledge of the Individual Defendants' restrictive covenants when it recruited and hired them, and the Individual Defendants' failure to comply with their restrictive covenant obligations—both before this lawsuit was filed and following the entry of the Stipulated Preliminary Injunction.

Despite this new evidence, EmployBridge has withdrawn the document subpoena previously served on Sorensen in light of this Court's Order denying EmployBridge's Motion to Compel discovery responses from Riven Rock (Dkt. No. 69, filed 12/16/2016).  Although that Order addressed only EmployBridge's discovery requests to Riven Rock, and not the subpoenas served on Sorensen, EmployBridge seeks to limit any burden Sorensen may face by participating in discovery in this case, consistent with the Court's guidance about the scope of discovery in its December 16 order.  Moreover, EmployBridge has agreed to limit its deposition of Sorensen to three hours unless it is clear—either from Sorensen's testimony or from other discovery efforts—that Sorensen has additional relevant information to offer.  *See* Cross Decl. ¶ 4, Ex. 2. Yet despite this good-faith attempt to limit any burden on Sorensen, Sorensen refuses to participate in *any* discovery.

Sorensen's continued intransigence is without justification.  As discussed below, Sorensen has waived any objections to or grounds for moving to quash the at-issue subpoena.  For related reasons, Riven Rock lacks standing to move on Sorensen's behalf, and its 39-day delay in

objecting is without justification.  Even if timely, Sorensen and Riven Rock's objections should be rejected because Sorensen has relevant information regarding Riven Rock and the Individual Defendants' strategy to grow Riven Rock's business by improperly poaching EmployBridge's employees and customers in violation of the Individual Defendants' restrictive covenants.

As demonstrated below and in EmployBridge's original Motion, Sorensen has unique knowledge related to the issues to be tried:  (A) Sorensen's deposition testimony is relevant to the claims in this case, (B) a deposition not to exceed three hours is proportional to the needs of the case, (C) Sorensen waived any objections to the subpoenas by failing to timely respond, and (D) Riven Rock lacks standing to object on Sorensen's behalf.  Accordingly, EmployBridge seeks an order from this Court commanding Sorensen to sit for a deposition of no more than three hours at a time and location mutually convenient to EmployBridge and Sorensen.

## II.    BACKGROUND

Before filing this lawsuit, EmployBridge learned that the Individual Defendants were soliciting EmployBridge's clients for their new company, Riven Rock.  EmployBridge spent significant time and money investigating whether the Individual Defendants had taken any of EmployBridge's proprietary information with them.  They did.  Because of that, EmployBridge had to file a lawsuit to stop Defendants' unlawful solicitations.

Since filing the lawsuit, EmployBridge learned that Sorensen was involved in setting up and financing Riven Rock.  This discovery gave color to Defendant Jacquez's statement when he resigned that he had spoken with Riven Rock's financial backers (*see* Supplemental Declaration of Fran Scott [Doc. No. 27-6] at ¶ 10).  It also provided EmployBridge with additional evidence that Riven Rock and the Individual Defendants had intentionally violated their employment agreements and tortiously interfered with EmployBridge's contracts.  EmployBridge tried to obtain information from Riven Rock about its connection with Sorensen, but Riven Rock refused

to respond to the requests.  Sorensen, too, has refused to respond at all or sit for deposition. Meanwhile, Defendants have continued to drag their feet in discovery—most recently trying to postpone depositions of the Defendants until February, less than a month before the extended discovery cutoff.

Even without the benefit of formal discovery, EmployBridge has gathered more information showing that Sorensen has a hidden ownership interest in Riven Rock and is involved in Riven Rock's operations.  In particular, EmployBridge learned on December 28 that:  (i) Shepherd started Riven Rock on Sorensen's behalf; (ii) Sorensen is a "silent partner" in Riven Rock and is financing Riven Rock's operations; and (iii) Sorensen's goal is to use Riven Rock to build a big staffing brand by going after EmployBridge's clients.

EmployBridge is trying to get to the bottom of why an eight-month old company, staffed almost exclusively by former EmployBridge employees—at least four of whom are bound by restrictive covenants—is on a campaign to solicit many of EmployBridge's clients and employees in the Albuquerque area in violation of those agreements.  Sorensen's knowledge of those issues go to the heart of EmployBridge's claims.

## III.     ARGUMENT

### A.  Sorensen's Deposition Testimony Is Relevant To EmployBridge's Claims.

As EmployBridge details in its Motion, Sorensen is a common thread among the parties and other key players related to EmployBridge's claims, including four staffing companies that inexplicably terminated their relationships with EmployBridge and simultaneously moved their business to Riven Rock only a few months after Olinger and Shepherd joined Riven Rock. (MTC at 2-7.)[3]  While EmployBridge believes that the evidence it has previously provided to the

---

[3] As detailed in EmployBridge's First Amended Complaint, the Individual Defendants induced EmployBridge's customers to switch their business to Riven Rock in violation of their restrictive

4

Court demonstrates Sorensen's possession of information relevant to EmployBridge's claims,

new evidence further underscores the relevance of Sorensen's deposition testimony.[4]

Specifically, on December 28, 2016, EmployBridge obtained a declaration from David Bell,

regional sales development manager for EmployBridge.  As reflected in Bell's Declaration

(attached to this Reply as Exhibit B), other former EmployBridge employees have related the

following to Bell based on representations made to them by Shepherd:

- Following Shepherd's resignation from EmployBridge, Sorensen disclosed plans to start a staffing company that would compete with EmployBridge by hiring away EmployBridge employees:  "Sorensen told Shepherd to sit tight because Sorensen had plans to start a staffing company or companies that would be reaching out to hire a lot of people who had worked for [Sorensen] when he was the Company's CEO, including Shepherd."  Bell Decl. ¶ 3.

- Shepherd thereafter started Riven Rock on Sorensen's behalf.  Bell Decl. ¶ 6.

- Sorensen is a "silent partner" in Riven Rock and is financing Riven Rock's operations. Bell Decl. ¶ 5.

- Through Riven Rock, "Sorensen's goal is to build a big staffing brand by going after EmployBridge's clients."  Bell Decl. ¶ 5.

These allegations demonstrate not only that Sorensen is one of Riven Rock's owners, but

also that Sorensen was personally involved in Riven Rock's hiring of Shepherd and the architect

of Riven Rock's business strategy to target EmployBridge's employees and clients.  It also

shows that Shepherd is invoking Sorensen's name to further Riven Rock's plan to poach

EmployBridge's client and customers.  In light of this, it is clear that Sorensen possesses unique

---

covenants and all Defendants have tortiously interfered with EmployBridge's business and contractual relations.  (*See* First Amended Complaint (Doc. No. 23) at ¶¶ 100-107, 116-157.)  The four staffing companies that switched their business to Riven Rock are included among these customer relationships that EmployBridge believes it lost as a result of the Defendants' tortious interference and the Individual Defendants' breaches of their restrictive covenants.

[4] Reliance on new evidence in a reply brief is proper when "the use of additional evidence [is] to support [an] argument previously advanced."  *Doebele v. Sprint Corp.*, 168 F. Supp. 2d 1247, 1254 (D. Kan. 2001).  Here, the new evidence on which EmployBridge relies was not obtained until December 28, 2016, and EmployBridge is using the evidence as further support of the argument in its Motion that Sorensen's testimony is both relevant and critical.

and relevant information about Riven Rock's hiring of the Individual Defendants, Riven Rock's knowledge of their restrictive covenants, Riven Rock's solicitation of EmployBridge customers and clients (including the involvement of the Individual Defendants in those activities), and Riven Rock's larger strategy to grow its business by targeting EmployBridge's customers and employees, notwithstanding the Individual Defendants' contractual obligations. A deposition of three hours focused on these narrow topics is directly relevant to EmployBridge's claims.

**B.  A Three-Hour Deposition Is Proportional To The Needs Of This Case.**

Requesting that Sorensen sit for a deposition not to exceed three hours is also proportional to the needs of this case. In light of this Court's prior discovery order, EmployBridge has withdrawn the document subpoena it issued to Sorensen and offered to limit Sorensen's deposition to three hours. Cross Decl. ¶ 4, Ex. 2. By agreeing to so limit its discovery demands on Sorensen, EmployBridge has both narrowed the scope of its initial discovery request and reduced any burden on Sorensen. Accordingly, the balance of factors set forth in FED. R. CIV. P. 26(b)(1) weighs in EmployBridge's favor. Leaving aside the fact that Sorensen has articulated no reason that the Rule 26 factors favor revising or quashing the subpoena, the central import of the testimony EmployBridge seeks from Sorensen is much greater than the burden Sorensen faces by sitting for a three-hour deposition. Indeed, EmployBridge initially set the deposition for a location only six miles from Sorensen's home and has offered to reschedule the deposition for a date and time convenient for all parties. Accordingly, EmployBridge's revised discovery request of Sorensen is proportional to the needs of the case and not unduly burdensome for Sorensen.

**C.  Sorensen Has Waived All Objections By Failing To Timely Respond.**

As detailed in EmployBridge's Motion, Sorensen was required to file all objections—on any grounds—no later than November 14, 2016. Motion at 12-14 (citing FED. R. CIV. P. 45(d)(2)-

(3)).  Sorensen failed to object before November 14.  Accordingly, Sorensen has waived all grounds for objection.  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("it is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection").  This waiver includes claims of privilege.  *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981); *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 11-12 (1st Cir. 1990).

Although Sorensen filed no timely response or other objection in this Court, he filed an opposition with the United Stated District for the Central District of California on December 22, 2016.  *See* Responding Party D. Stephen Sorensen's Opposition to Motion to Compel (Doc. No. 13), No. 2:16-mc-00142-GW-AS (C.D. Cal. December 12, 2016).  However, at the time that Sorensen's opposition was due, the Central District of California no longer had jurisdiction over this matter, having transferred EmployBridge's Motion to this Court on December 5, 2015.  *See* Motion, Ex. A.  Sorensen then belatedly re-filed his opposition in the wrong case in this District.  *See* Responding Party D. Stephen Sorensen's Opposition to Motion to Compel (Doc. No. 14), No. 1:16-mc-00045-WJ, filed 1/3/2017.  Any objections Sorensen raised in the wrong court should not be considered by this Court when deciding this Motion.[5]

Even if this Court does consider Sorensen's arguments, they fail for the reasons already articulated:  they are tardy.  The time for Sorensen to object to EmployBridge's subpoenas was November 14, 2016.  But even had Sorensen filed timely objections, he could not rest on those objections alone to evade sitting for his deposition.  Sorensen was further required to timely move to quash if he wished to avoid his deposition.  *Aetna Cas. & Sur. Co. v. Rodco Autobody*,

---

[5]  Sorensen's claim that this dispute should be heard by JAMS is without merit.  The dispute resolution agreement on which Sorensen premises his argument is, by its own terms, limited to disputes arising out of the settlement agreement.  Pongracz Decl., Ex. 4 at p. 3.  This case is unrelated to that settlement.  Moreover, this Court has "broad discretion regarding its control of discovery."  *Gaines v. Ski Apache*, 8 F.3d 726, 730 (10th Cir.1993).  Nothing cited in Sorensen's brief cedes that control to JAMS.

130 F.R.D. 2, 3 (D. Mass. 1990). He also failed to do this. Sorensen's arguments have therefore been waived.[6]

In addition, Sorensen's arguments are meritless. They focus almost entirely on the document subpoena that EmployBridge withdrew *before* Sorensen filed his objections. Therefore, Sorensen's arguments about the burden of conducting searches or that the documents requested violate his right to privacy are not only waived, but moot.[7]

Sorensen's only argument directed to the at-issue deposition subpoena is based on fees already tendered. Sorensen contends that he should not be required to sit for a deposition *at all* because EmployBridge tendered the witness fee to his counsel after it served him and not at the same time. (Sorensen Resp. at 4.) Sorensen's argument is disingenuous at best. When EmployBridge served Sorensen with the subpoenas, EmployBridge's counsel offered to confer with all parties in scheduling the deposition for a mutually-convenient date and location, the latter of which would determine the amount of witness fees to which Sorensen would be entitled.

---

[6] Sorensen's contention that his motion to quash was not due until after EmployBridge filed its motion to compel is unfounded. After serving Sorensen with the at-issue subpoenas, EmployBridge sent a letter to Sorensen's counsel asking whether Sorensen intended to comply with the subpoenas. *See* Motion, Ex. N. EmployBridge explicitly stated that if it did not hear from Sorensen's counsel by November 15, EmployBridge would assume that Sorensen did not intend to comply. *Id.* EmployBridge waited until November 15 had passed with no response from Sorensen before it filed its Motion. Regardless, Sorensen failed to respond to EmployBridge's motion for over a month before filing a response in the California District Court. He then waited an additional twelve days before filing an opposition in this District.

[7] In addition, the cases Sorensen cites in support of his privacy argument are irrelevant. Those cases address the privacy concerns associated with police surveillance (*White v. Davis*, 13 Cal. 3d 757 (1975)), covert videotaping of employees (*Richards v. Cty. of Los Angeles*, 775 F. Supp. 2d 1176 (C.D. Cal. 2011)), non-consensual blood tests (*Leonel v. Am. Airlines, Inc.*, 400 F.3d 702 (9th Cir. 2005)), family information located in personnel files (*Ceramic Corp. of Am. v. Inka Mar. Corp. Inc.*, 163 F.R.D. 584 (C.D. Cal. 1995)), Social Security Numbers (*Alch v. Superior Court*, 165 Cal. App. 4th 1412 (2008)), and psychiatric records (*Britt v. Superior Court*, 20 Cal. 3d 844 (1978)). EmployBridge sought none of those types of personal documents in its now-withdrawn document subpoena. EmployBridge only requested business information related to this lawsuit. As Sorensen's own cases confirm, such documents are discoverable, even if confidential. *See Alch*, 165 Cal. App. 4th at 1423 (2008) (" '[i]n order to facilitate the ascertainment of truth and the just resolution of legal claims, the state clearly exerts a justifiable interest in requiring a businessman to disclose communications, confidential or otherwise, relevant to pending litigation' ") (citations omitted).

Rather than responding in good faith to the offer to confer about his deposition, Sorensen simply refused to cooperate.  When Sorensen declined to confer about the deposition, EmployBridge tendered fees based on the deposition location identified in its subpoena.  That tender cured any technical defect created by EmployBridge's good faith efforts to meet and confer.  *PHE, Inc. v. Dep't of Justice*, 139 F.R.D. 249, 255 (D.D.C.1991) (granting motion to compel compliance with Rule 45 subpoena, noting that subsequent payment of fees cured any deficiency with respect to subpoena); *Richardson v. Glickman*, No. CIV.A. 95–1954, 1997 WL 382048, at *2 (E.D. La. June 27, 1997), *aff'd sub nom. Richardson v. Dep't of Agric.*, 144 F.3d 50 (5th Cir. 1998) (refusing to quash subpoena because a failure to tender witness fees is a technical defect that can be cured by later payment); *Adams v. Dolgencorp, LLC*, No. CIV.A. 11-784-FJP, 2012 WL 1867123, at *1 (M.D. La. May 22, 2012) (subpoena request without witness fee can be cured through subsequent tender).  Sorensen should not be allowed to benefit from his refusal to cooperate with EmployBridge.  He should be ordered sit for a deposition at a time and place mutually convenient to EmployBridge and Sorensen.

### D.  Riven Rock Lacks Standing To Object On Sorensen's Behalf.

Finally, although Riven Rock submitted a brief in opposition to this Motion (Doc. No. 71), Riven Rock has no standing to object to the subpoenas at issue.  Under Federal Rule of Civil Procedure 45(d)(2)(B), the right to object lies with the "person commanded."  The requirement is restated in Rule 45(e)(2)(A), which allows only the "person withholding" discovery responses to make a claim of a need for protection or privilege.  As a result, apart from exceptional circumstances (none of which are present here, *see infra*), a party to a lawsuit has no standing to object to a subpoena directed to a non-party absent that party's need to protect a specific privilege.  *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2nd Cir. 1975); *see also Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979).

9

Because Riven Rock is neither the "person commanded" to appear nor the "person withholding" discovery, and because it has articulated no privilege it needs to protect, it lacks standing to object to Sorensen's subpoenas. *See Doe v. Rose*, No. 2:16-MC-00088 TLN AC, 2016 WL 3197590, at *2 (E.D. Cal. June 9, 2016) (granting motion to compel "as unopposed" because the party had no standing to object to a non-party subpoena).

Riven Rock attempts to argue that special circumstances permit its objections here. But Riven Rock misstates the holdings of the cases it cites to support this argument. None serve to provide Riven Rock with standing. For example, Riven Rock cites *Moon v. SCP Pool Corp*., 232 F.R.D. 633 (C.D. Cal. 2005), for the proposition that Riven Rock has standing both to object to and move to quash EmployBridge's subpoenas. Resp. at 5-7. However, *Moon* is inapplicable here. *Moon* only analyses whether a party's ***timely*** subpoena objections can overcome the non-party's failure to object at all. *See Moon*, 232 F.R.D. at 636 ("defendant, rather than nonparty KSA, made ***timely*** objections to the Rule 45 subpoena duces tecum") (emphasis added). Contrary to the operative facts in *Moon*, Riven Rock did not make timely objections. Nor did Riven Rock timely move to quash the at-issue subpoena. *Moon* offers Riven Rock no exception to the rule that late-filed objections constitute waiver.

For the reasons detailed in EmployBridge's Motion, under FED. R. CIV. P. 45(d)(2)-(3), timely objections to EmployBridge's subpoenas were due no later than November 14, 2016. Any motion to quash was due the same day. Riven Rock knew those were the relevant dates to lodge objections and/or move to quash because EmployBridge served on Riven Rock notice of the subpoenas it issued Sorensen on the same day they were served. (Cross Decl., Ex. 3.) Indeed, Riven Rock acknowledges that it knew of the relevant dates, but decided not to timely

respond because "Riven Rock assumed Sorensen would file written objections, a motion to
quash and/or a motion for protective order. He did not …." Resp. at 6.

Despite knowledge of the applicable dates, Riven Rock first lodged objections on
December 22, 2016. Those objections—made ***39 days late***—cannot overcome Sorensen's
failure to object at all. None of the cases cited by Riven Rock support the proposition that a non-
party's failure to object to a subpoena indefinitely tolls the deadline for the party to object. To
the contrary—the main cases cited by Riven Rock involve the party making ***timely*** objections
despite the non-party's lack of response. *Moon*, 232 F.R.D. at 636; *Iorio v. Allianz Life Ins. Co.
of N. Am.*, No. 05CV633 JLS (CAB), 2009 WL 3415689, at *3 (S.D. Cal. Oct. 21, 2009) (S.D.
Cal. Oct. 21, 2009) (motion to quash was timely filed).[8]

Even if Riven Rock had standing to object in Sorensen's stead—which it does not—Riven
Rock has presented no authority to justify its own failure to timely file the objections and motion
to quash—both of which it has presented to this Court at the last possible moment.

Moreover, seeking discovery from Sorensen is not (as Riven Rock repeatedly
mischaracterizes it) an attempt to sidestep Riven Rock's discovery objections. The vast majority
of Riven Rock's objections are to the document subpoena that EmployBridge served on
Sorensen. As discussed above, EmployBridge has withdrawn the document subpoena. The bulk
of Riven Rock's opposition fails to address the remaining issue that the Court is actually being

---

[8] The remaining cases cited by Riven Rock actually support EmployBridge's Motion. *McCoy v.
Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385-88 (C.D. Cal. 2002) (***denying defendants' motion to
quash*** and finding that the non-party had waived all objections, including attorney-client privilege, by
failing to timely object); *In re Motorsports Merch. Antitrust Litig.*, 186 F.R.D. 344, 350 (W.D. Va. 1999)
(***denying motion to quash*** and ordering defendant's compliance); *see also Elec. Power Co. v. United
States*, 191 F.R.D. 132, 137 (S.D. Ohio 1999) (motion to quash timely because of ***nonparty's*** cooperation
with the earlier discovery efforts, cooperation with production of documents," and the ongoing
communication between counsel"); *Alexander v. F.B.I.*, 186 F.R.D. 21, 35 (D.D.C. 1998) (extenuating
circumstances extend to ***nonparty's*** discovery objections); *Concord Boat Corp. v. Brunswick Corp.*, 169
F.R.D. 44, 52 (S.D.N.Y. 1996) (motion to quash timely because of ***nonparty*** status of respondent,
ongoing communication between counsel, and overbroad nature of requests).

asked to resolve—whether Sorensen should sit for a deposition.  Indeed, the only time Riven Rock makes any argument as to Sorensen's deposition subpoena is in four short lines at the end of the brief, none of which include a cite to a single case or any other authority that provides a party standing to quash a non-party deposition subpoena.  (Resp. at 11).

Moreover, the information EmployBridge seeks from Sorensen is within Sorensen's exclusive control and is not duplicative of that in Riven Rock's possession.[9]  By definition, only Sorensen can testify as to his knowledge of Riven Rock's operations and strategies.  The information EmployBridge has gathered even without the benefit of formal written discovery demonstrates that Sorensen is one of Riven Rock's owners, was personally involved in Riven Rock's hiring of the Individual Defendants, and is behind Riven Rock's business strategy to solicit EmployBridge's customers and clients.  Sorensen thus has information relevant to EmployBridge's claims against Riven Rock and the Individuals Defendants, including knowledge of the Individual Defendants' contractual obligations and the involvement of the Individual Defendants in soliciting EmployBridge's customers and clients.  Sorensen's testimony is therefore relevant to this case, and he should be compelled to sit for a deposition.

## IV.    CONCLUSION

For the reasons set forth above and those detailed in EmployBridge's motion to compel, the court should order Stephen Sorensen to sit for a three-hour deposition at a date and place mutually convenient to EmployBridge and Sorensen.

---

[9] Even if EmployBridge were seeking duplicative information from Sorensen—which it is not—Riven Rock offers no authority suggesting that this approach is improper.  Instead, Riven Rock misrepresents controlling law.  In *Stokes v. Xerox Corp.*, which Riven Rock cites as the central case in support of its argument (Resp. at 8), after receiving discovery objections from the defendant to its Rule 34 document requests, the plaintiff issued a Rule 45 subpoena in an attempt to obtain the same documents ("documents belonging to Defendant") from the defendant's representative.  *Stokes*, No. 05-CV-71683-DT, 2006 WL 6686584, at *2-*3 (E.D. Mich. Oct. 5, 2006).  Because a party and its representative are identical for discovery purposes, the Court held Rule 34 provided the proper procedure for addressing objections.  *Id.* at *3.  Those are not the facts here; Rule 34 does not control EmployBridge's subpoenas to Sorensen.

DATED:  January 5, 2017                     Respectfully submitted,

                              */s/ Daniel P. Hart                       /*

                                    SEYFARTH SHAW LLP
                                    Daniel P. Hart
                                    1075 Peachtree Street, NE, Suite 2500
                                    Atlanta, Georgia 30309
                                    dhart@seyfarth.com

                                    SEYFARTH SHAW LLP
                                    Michael Cross
                                    400 Capitol Mall
                                    Suite 2350
                                    Sacramento, CA  95814-4428
                                    mcross@seyfarth.com

                                    RODEY, DICKASON, SLOAN,
                                    AKIN & ROBB, P.A.
                                    Thomas L. Stahl
                                    Scott Gordon
                                    201 Third Street NW, Suite 2200
                                    Albuquerque, New Mexico 87102
                                    tstahl@rodey.com
                                    sgordon@rodey.com

                                    *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 5, 2017, I filed the foregoing *Reply Memorandum In Support Of Plaintiffs' Motion To Compel Stephen Sorensen's Compliance With Deposition Subpoena* and was served on Defendants via the Court's CM/ECF electronic filing system to the following counsel of record, as reflected on the Notice of Electronic Filing (NEF):

Christopher M. Moody
Repps D Stanford
Moody & Warner PC
4169 Montgomery Blvd. NE
Albuquerque, NM 87109
moody@nmlaborlaw.com
stanford@nmlaborlaw.com

In addition,  I certify that on January 5, 2017, a true and correct copy of the foregoing *Reply Memorandum In Support Of Plaintiffs' Motion To Compel Stephen Sorensen's Compliance With Deposition Subpoena*, was served on counsel for non-party D. Stephen Sorensen via U.S. Mail and electronic mail to the following counsel for Sorensen:

Andrew C. Pongracz
SEKI, NISHIMURA & WATASE LLP
600 Wilshire Boulevard, Suite 1250
Los Angeles, CA 90017
apongracz@snw-law.com

DATED:  January 5, 2017                        SEYFARTH SHAW LLP,

                                               */s/ Daniel P. Hart                /*

                                               *Attorney for Plaintiffs*

14

36461721v.3

EXHIBIT A

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| **EMPLOYBRIDGE, LLC**, a California Limited Liability Company, and **EMPLOYMENT SOLUTIONS MANAGEMENT, INC.**, a Georgia Corporation,<br><br>                    Plaintiffs,<br><br>          v.<br><br>**RIVEN ROCK STAFFING, LLC**, a Nevada Limited Liability Company, **LARRY SHAUN SHEPHERD**, an individual, **CATHERINE OLINGER**, an individual, **TERRY MILLER**, and individual, **TIMOTHY JACQUEZ**, an individual, and Does 1 through 25, inclusive,<br><br>                    Defendants. | Case No. 16-833-WJ/KK<br><br>**DECLARATION OF MICHAEL G. CROSS IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS** |

<u>**DECLARATION OF MICHAEL G. CROSS**</u>

I, Michael G. Cross, under penalty of perjury, do hereby declare, attest, and affirm as follows:

1.  I am an attorney licensed to practice in the State of California.  I am appearing in this action under D.N.M.LR-Civ. 83.3.  I am an associate with the law firm of Seyfarth Shaw LLP, attorneys of record for Plaintiffs EmployBridge, LLC and Employment Solutions Management, Inc.

2.  I have personal knowledge of the matters set forth herein, and if called upon to testify, could and would do so competently.  All of the pleadings, exhibits, discovery responses, and other records in this matter are maintained in my office, in the ordinary course of business, under my direction and control.

3. Attached as **Exhibit 1** is a true and correct copy of the email that EmployBridge's counsel sent to Mr. Sorensen's counsel on December 8, 2016, attaching the Emergency Motion to Compel that EmployBridge had filed that day.

4. Attached as **Exhibit 2** is a true and correct copy of the December 21, 2016, email that EmployBridge's counsel sent to Mr. Sorensen's counsel offering to withdraw the document subpoena and limit Mr. Sorensen's initial deposition to three hours.

5. Attached as **Exhibit 3** is a true and correct copy of the email that EmployBridge's counsel sent to Riven Rock's counsel on October 29, 2016, notifying them that EmployBridge was serving Mr. Sorensen with document and deposition subpoenas and attaching the same.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 5th day of January, 2017.

*/s/ Michael G. Cross*
_____
            Michael G. Cross

36511312v.1

EXHIBIT 1

# Cross, Michael G.

| | |
|---|---|
| **From:** | Cross, Michael G. |
| **Sent:** | Thursday, December 08, 2016 3:20 PM |
| **To:** | Andrew Pongracz |
| **Subject:** | RE: Subpoenas on Stephen Sorensen |
| **Attachments:** | 36156592_1_EB_RR Dkt. 63 Pls Emergency Motion to Compel to Enforce Subpoe....pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

**From:** Andrew Pongracz [mailto:apongracz@snw-law.com]
**Sent:** Thursday, December 08, 2016 3:15 PM
**To:** Cross, Michael G.
**Subject:** Re: Subpoenas on Stephen Sorensen

Sorry, yes. Finishing up another one...

Get Outlook for iOS

**From:** Cross, Michael G. <MCross@seyfarth.com>
**Sent:** Thursday, December 8, 2016 3:14:51 PM
**To:** Andrew Pongracz
**Subject:** RE: Subpoenas on Stephen Sorensen

Are we still on for a call?

**Michael G. Cross** | Associate | Seyfarth Shaw LLP
400 Capitol Mall | Suite 2350 | Sacramento, California 95814-4428
Direct: +1-916-498-7017 | Fax: +1-916-288-6326
mcross@seyfarth.com | www.seyfarth.com





The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Andrew Pongracz [mailto:apongracz@snw-law.com]
**Sent:** Thursday, December 08, 2016 12:32 PM
**To:** Cross, Michael G.
**Subject:** Re: Subpoenas on Stephen Sorensen

Sure.  I'll call you.

---

**From:** "Cross, Michael G." <MCross@seyfarth.com>
**Date:** Thursday, December 8, 2016 at 12:30 PM
**To:** Andrew Pongracz <apongracz@snw-law.com>
**Subject:** RE: Subpoenas on Stephen Sorensen

Andrew,

I understand. How about a call at 3:00 this afternoon.

Best,
Michael

**Michael G. Cross** | Associate | Seyfarth Shaw LLP
400 Capitol Mall | Suite 2350 | Sacramento, California 95814-4428
Direct: +1-916-498-7017 | Fax: +1-916-288-6326
mcross@seyfarth.com | www.seyfarth.com




The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Andrew Pongracz [mailto:apongracz@snw-law.com]
**Sent:** Thursday, December 08, 2016 12:28 PM
**To:** Cross, Michael G.
**Subject:** Re: Subpoenas on Stephen Sorensen

Michael,

Sure.  What time?

The biggest problem I have is that I am not a NM attorney.  I need to find a PHV sponsor and completely re-do my P's and A's if NM law applies (which I am not sure it does).  This completely changes what my client needs to do in opposition.

Andrew

Andrew C. Pongracz
SEKI, NISHIMURA & WATASE LLP
Tel: (213) 481-2869
Fax: (213) 481-2871
apongracz@snw-law.com

**From:** "Cross, Michael G." <MCross@seyfarth.com>
**Date:** Thursday, December 8, 2016 at 12:18 PM
**To:** Andrew Pongracz <apongracz@snw-law.com>
**Subject:** RE: Subpoenas on Stephen Sorensen


Hi Andrew,

If you have any time today, I would still like to speak about this matter.

Thanks,
Michael


**Michael G. Cross** | Associate | Seyfarth Shaw LLP
400 Capitol Mall | Suite 2350 | Sacramento, California 95814-4428
Direct: +1-916-498-7017 | Fax: +1-916-288-6326
mcross@seyfarth.com | www.seyfarth.com




The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Andrew Pongracz [mailto:apongracz@snw-law.com]
**Sent:** Wednesday, December 07, 2016 12:08 PM
**To:** Cross, Michael G.
**Subject:** Re: Subpoenas on Stephen Sorensen


Will do.

Get Outlook for iOS


**From:** Cross, Michael G. <MCross@seyfarth.com>
**Sent:** Wednesday, December 7, 2016 12:03:02 PM
**To:** Andrew Pongracz
**Subject:** Subpoenas on Stephen Sorensen


Andrew,

I understand that you are in deposition today. If you have a minute, could you please give me a call regarding EmployBridge's motion to compel Mr. Sorensen's compliance with subpoenas? Now that the motion has been

transferred to the New Mexico District Court, we are interested in discussing with you whether we can expedite the briefing, as well as any hearing that the judge believes is necessary.

Except for from 1:00 to 2:00, I will be in the office all afternoon. Please give me a call if you have time.

Best regards,
Michael


**Michael G. Cross** | Associate | Seyfarth Shaw LLP
400 Capitol Mall | Suite 2350 | Sacramento, California 95814-4428
Direct: +1-916-498-7017 | Fax: +1-916-288-6326
mcross@seyfarth.com | www.seyfarth.com





The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

EXHIBIT 2

## Cross, Michael G.

| | |
|---|---|
| **From:** | Hart, Daniel P |
| **Sent:** | Wednesday, December 21, 2016 6:50 PM |
| **To:** | apongracz@snw-law.com |
| **Cc:** | Cross, Michael G. |
| **Subject:** | EmployBridge v. Riven Rock |

Andrew,

I am following up on our prior discussions regarding our pending Motion to Enforce the subpoenas served on Mr. Sorensen.  After further consultation with my client, I would like to propose a compromise that I believe will address Mr. Sorensen's concerns about the burden to him in participating in discovery in this case.

EmployBridge will withdraw its document subpoena, while reserving the right to re-serve a document subpoena if, after taking depositions, it becomes apparent that Mr. Sorensen has relevant documents in his possession, custody, or control.   EmployBridge is also willing to stipulate that it will limit its deposition of Mr. Sorensen to no more than three hours (again, with the understanding that, if Mr. Sorensen has additional relevant testimony to provide related to one or more of EmployBridge's claims in this case, EmployBridge reserves the right to seek discovery on those topics.)

Please let us know if this proposed compromise will resolve our dispute about the subpoenas.  I am happy to discuss at your convenience tomorrow.

Thanks,

Dan

**Daniel P. Hart** | Partner
Atlanta | Ext: 715433 (+1-404-881-5433) | Mobile: +1-404-457-6227
dhart@seyfarth.com

Exhibit 3

**Cross, Michael G.**

| | |
|---|---|
| **From:** | Hart, Daniel P |
| **Sent:** | Saturday, October 29, 2016 11:35 AM |
| **To:** | Chris Moody; 'stanford@nmlaborlaw.com' (stanford@nmlaborlaw.com) |
| **Cc:** | Scott Gordon (SGordon@rodey.com); Tom Stahl (TStahl@rodey.com); Cross, Michael G. |
| **Subject:** | EmployBridge LLC, et al v. Riven Rock Staffing LLC, et al. |
| **Attachments:** | EmployBridge- Subpoena to Testify to D. Stephen Sorenson.pdf; EmployBridge-Subpoena to Produce Documents to D. Stephen Sorenson.pdf |

Chris and Repps,

Attached please find subpoenas that we are serving on Mr. Sorensen.  Please note that we are flexible on the deposition date listed in the subpoena in the event that the date does not work for you or Mr. Sorensen and his counsel.

Regards,

Dan


**Daniel P. Hart** | Partner
Atlanta | Ext: 715433 (+1-404-881-5433) | Mobile: +1-404-457-6227
dhart@seyfarth.com

EXHIBIT B

1                          **DECLARATION OF DAVID BELL**

2          I, David Bell, declare as follows:

3          1.      I am a Regional Sales Development Manager for EmployBridge.  In this capacity, I

4    work with EmployBridge's area vice presidents, sales representatives, and branch managers in

5    California, Washington, and other areas throughout the country.  I have been employed by

6    EmployBridge and/or its predecessor companies since May 2013 (collectively, "EmployBridge" or

7    the "Company").  I have personal knowledge of the facts set forth in this Declaration and, if called

8    to testify, I could and would testify competently thereto.

9          2.      As EmployBridge's Regional Sales Development Manager, I worked with Theresa

10   McMahon until she left the Company in or about July 2016.  Before she left EmployBridge,

11   McMahon was EmployBridge's Midwest Regional Sales Development Manager.

12         3.      In early 2016, McMahon told me that she had spoken with Shaun Shepherd, who

13   had recently resigned from his position as EmployBridge's Regional Manager over all of New

14   Mexico.  During their conversation, Shepherd told McMahon that he had spoken to Steve

15   Sorensen, who is the Company's former CEO.  Sorensen told Shepherd to sit tight because

16   Sorensen had plans to start a staffing company or companies that would be reaching out to hire a

17   lot of people who had worked for him when he was the Company's CEO, including Shepherd.

18         4.      Shortly thereafter, Shepherd went to work for a newly formed business called Riven

19   Rock Staffing, LLC ("Riven Rock") that began operating in the Albuquerque, New Mexico market.

20         5.      In the summer of 2016, I traveled to Atlanta, Georgia for business.  During that trip,

21   I had dinner with McMahon and April Loudermilk.  At the time of the dinner, Loudermilk had

22   recently left her position as EmployBridge's Southeast Regional Sales Development Manager.

23   During dinner, Loudermilk said that she had been contacted by Shepherd and that she had

24   subsequently spoken to him by phone.  During their conversation, Shepherd told Loudermilk that

25   Sorensen is a silent partner in Riven Rock and that Sorensen is fronting the money for Riven

26   Rock's operations.  According to Loudermilk, Sorensen's goal is to build a big staffing brand by

27   going after EmployBridge's clients.

28

                                                          DECLARATION OF DAVID BELL

6.      During the same conversation, McMahon said Shepherd had started Riven Rock on Sorensen's behalf, that Sorensen was financing Riven Rock, and that that Riven Rock planned to go after all of EmployBridge's business.  McMahon also said that Sorensen is funneling money to several staffing companies that are being run by others on Sorensen's behalf and that Sorensen plans to consolidate those companies into a single staffing company once his non-compete obligations to EmployBridge expire.

7.      I have also spoken with David Kooiman, EmployBridge's former Regional Vice President of Sales.  Approximately one month ago, Kooiman informed me that William Hall, another former EmployBridge employee, had started a staffing company in Phoenix, Arizona that is being financed by Sorensen.  Kooiman said that several other former EmployBridge employees and affiliates are currently working for Sorensen in the staffing industry, including Lori Weathers and Debby Muñoz.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 28, 2016, at _Poway_, California.

_____
David Bell

DECLARATION OF DAVID BELL