## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

EMPLOYBRIDGE, LLC *et al.*,

    Plaintiffs,

v.                                                                 Civ. No. 16-833 WJ/KK

RIVEN ROCK STAFFING, LLC *et al.*,

    Defendants.

### ORDER ON DISCOVERY MOTIONS REGARDING SUBPOENAS

THIS MATTER comes before the Court on the following motions: (1) Plaintiffs' Notice of Motion to Compel Compliance with Subpoenas or, in the Alternative, to Transfer (Misc. Civ. No. 16-45 WJ, Doc. 1[1]) ("Motion to Compel Compliance"), filed November 18, 2016; (2) Plaintiffs' Emergency Motion to Enforce Subpoenas against Non-Party Sorensen (Doc. 63) ("Motion to Enforce Subpoenas"), filed December 8, 2016; and, (3) the parties' Joint Motion for Hearing (Doc. 80), filed January 12, 2017. The Court, having reviewed the parties' and Mr. Sorensen's submissions and the relevant law, and being otherwise fully advised, FINDS that Plaintiffs' Motion to Compel Compliance and Motion to Enforce Subpoenas are well-taken in part and should be GRANTED IN PART and DENIED IN PART. The Court further finds that the parties' Joint Motion for Hearing is not well taken and should be DENIED.

**1.  Factual Background and Procedural History**

In their Amended Complaint for Damages and Injunctive Relief, Plaintiffs EmployBridge, LLC and Employment Solutions Management, Inc. assert claims against Defendant Riven Rock Staffing, LLC ("Riven Rock"), and individual Defendants L. Shaun Shepherd, Catherine Olinger, Terry Miller, and Timothy Jacquez, under the Defend Trade

---

[1] The Court consolidated Miscellaneous Civil Case No. 16-45 WJ with this case on January 12, 2017. (Doc. 81.)

Secrets Act, the New Mexico Uniform Trade Secrets Act, and state contract and tort law. (*See generally* Doc. 23.) Plaintiffs contend that Defendants have misappropriated Plaintiffs' trade secrets and confidential information, breached non-competition, non-solicitation, and/or non-disclosure agreements in the individual Defendants' employment contracts, and tortiously interfered with Plaintiffs' contractual and business relations and prospective economic advantage. (*Id.* at 22-38.) Plaintiffs and Defendant Riven Rock both operate specialty staffing businesses in Albuquerque, New Mexico; the individual Defendants left Plaintiffs' employment and went to work for Defendant Riven Rock shortly after the latter company was formed. (*Id.* at 3-4, 15-17; Doc. 64-1 at 24-26.)

In their Motion to Compel Compliance and Motion to Enforce Subpoenas, Plaintiffs initially sought to enforce two subpoenas—a document subpoena and a deposition subpoena—that their counsel issued to non-party D. Stephen Sorensen.[2] (Doc. 63 at 2; Misc. Civ. No. 16-45 WJ, Doc. 1-1 at 4-5.) Both Defendant Riven Rock and Mr. Sorensen filed pleadings in opposition to Plaintiffs' motions, Defendant Riven Rock on December 22, 2016, and Mr. Sorensen on January 3, 2017. (Doc. 71; Misc. Civ. No. 16-45 WJ, Docs. 14-16.) On January 5, 2017, Plaintiffs filed a reply in support of the motions, in which they stated that they have "withdrawn the document subpoena previously served on [Mr.] Sorensen," and now seek only to depose Mr. Sorensen for no more than three (3) hours at a mutually convenient time, date, and location.[3] (Doc. 75 at 3-4, 7.)

---

[2] The Motion to Enforce Subpoenas incorporated, and sought the same primary relief as, the Motion to Compel Compliance. (*Compare* Doc. 63 *with* Misc. Civ. No. 16-45 WJ, Doc. 1-1.) The motions differ only in that the Motion to Compel Compliance was originally filed in the United States District Court for the Central District of California and sought a transfer to this Court as alternative relief, (Misc. Civ. No. 16-45 WJ, Doc. 1-1 at 18), while the Motion to Enforce Subpoenas sought an expedited hearing before this Court. (Doc. 63 at 3.) The California court granted Plaintiffs' request for a transfer on December 5, 2016. (Misc. Civ. No. 16-45 WJ, Doc. 11.)

[3] The deposition subpoena issued by Plaintiffs' counsel commanded Mr. Sorensen to appear to be deposed on December 1, 2016. (Doc. 63 at 2.) Obviously, the Court cannot order Mr. Sorensen to appear for a deposition in

Plaintiffs attached new evidence to their reply, *i.e.*, the Declaration of David Bell, a managerial employee of Plaintiff EmployBridge, LLC. (Doc. 75 at 29-30.) With the Court's leave, Defendant Riven Rock filed a surreply to address this new evidence on January 12, 2017. (Docs. 79, 82.) On the same date, the parties jointly filed a motion for a hearing on the Motion to Compel Compliance and Motion to Enforce Subpoenas. (Doc. 80.) Finally, and again with the Court's leave, Plaintiffs filed a surresponse on January 18, 2017. (Docs. 84, 85.)

**2.    Analysis**

    a.    <u>Plaintiffs' Motion to Compel Compliance and Motion to Enforce Subpoenas</u>

As an initial matter, insofar as Plaintiffs' Motion to Compel Compliance and Motion to Enforce Subpoenas sought to enforce the document subpoena Plaintiffs' counsel issued to Mr. Sorensen on October 29, 2016, the motions are moot, because Plaintiffs have withdrawn this subpoena and no longer seek to enforce it. (Doc. 75 at 3, 7.) The Court will therefore deny that portion of Plaintiffs' motions. However, for the reasons set forth below, the Court will grant Plaintiffs' motions insofar as they seek to compel Mr. Sorensen to appear to be deposed for no more than three (3) hours at a mutually convenient time, date, and location. (*Id.* at 4, 7.)

According to Federal Rule of Civil Procedure 26, parties in a federal civil action "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Factors the Court is to consider in determining whether discovery is "proportional to the needs of the case" are:

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

---

the past, nor do Plaintiffs ask the Court to do so. Rather, Plaintiffs ask the Court to order Mr. Sorensen to appear to be deposed on a mutually convenient future date, and that is the request the Court will consider in this Order.

3

*Id.* "The court's responsibility, using all the information provided by the parties, is to consider these . . . factors in reaching a case-specific determination of the appropriate scope of discovery." Fed. R. Civ. P. 26(b)(1), 2015 Amendment, Advisory Committee Notes. "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). However, the "legal tenet that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery." *Martinez v. Cornell Corr. of Tex.*, 229 F.R.D. 215, 218 (D.N.M. 2005) (citation omitted). Rather, discovery "is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support." *Id.* (citation omitted).

In its December 16, 2016 Order Denying Motion to Compel in this matter, the Court observed that Plaintiffs had failed to produce even a modicum of objective support for their theory that Mr. Sorensen conspired with Defendants to engage in the conduct alleged in Plaintiffs' Amended Complaint, or has otherwise been involved in Defendant Riven Rock's formation, funding, and/or operation. (Doc. 69 at 7-10.) Mr. Bell's declaration, however, provides the missing modicum of objective support. (Doc. 75 at 29-30.) And, if Plaintiffs' theory is correct in whole or in part, then Mr. Sorensen will indeed have at least some information that is relevant to the parties' claims and defenses. Fed. R. Civ. P. 26(b)(1). Moreover, even if their theory is wholly mistaken, Mr. Sorensen appears to have an ongoing professional relationship with Ashkan Abtahi, one of Defendant Riven Rock's principals, and may have learned from him discoverable information about the formation, funding, and/or operation of the enterprise. (Doc. 49 at 6, 8-9; Doc. 66 at 3.)

Defendant Riven Rock disputes the accuracy of Mr. Bell's declaration, which it is certainly entitled to do, and argues that the declaration is largely based on hearsay. (Doc. 82 at

4

2-3, 7.)  However, as Plaintiffs correctly observe, they have not offered the declaration for its truth at an evidentiary hearing to which the Federal Rules of Evidence apply, nor is the Court considering it for that purpose.  (Doc. 85 at 3-5.)  Thus, it is not hearsay, and the Court may properly consider it in determining whether Plaintiffs seek to depose Mr. Sorensen to obtain information that is relevant to the parties' claims and defenses and proportional to the needs of the case.  Fed. R. Evid. 801(c) (hearsay is out-of-court statement offered in evidence "to prove the truth of the matter asserted"); *Fleming v. Parnell*, 2014 WL 25621, at *2 (W.D. Wash. Jan. 2, 2014) (statements in declaration submitted to support motion to compel were not hearsay); *Arista Records, LLC v. Does 1-27*, 584 F. Supp.2d 240, 254-56 (D. Me. 2008) (Federal Rules of Evidence are not applicable to discovery motions). That Rule 26(b)(1) expressly permits the discovery of inadmissible information reinforces this conclusion.  Fed. R. Civ. P. 26(b)(1).

Moreover, unlike the document subpoena Plaintiffs have now withdrawn, the deposition they seek to compel is proportional to the needs of the case.  Federal Rule of Civil Procedure 30 limits depositions to "one day of 7 hours."  Fed. R. Civ. P. 30(d)(1).  The Court's Order Adopting Amended Joint Status Report and Provisional Discovery Plan in this matter further limits the depositions of persons other than parties, experts, and Rule 30(b)(6) witnesses to four (4) hours. (Doc. 39 at 2.)  Plaintiffs' proposal to depose Mr. Sorensen for three (3) hours is fully compliant with these requirements, and reasonable in light of the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information and resources, and the importance, likely benefit, burden, and expense of the proposed deposition. Fed. R. Civ. P. 26(b)(1).

Mr. Sorensen contends that the Court should nevertheless refuse to enforce the deposition subpoena because Plaintiffs were late in tendering his witness fee, because disputes arising out of

a settlement agreement between Plaintiffs and Mr. Sorensen are subject to mandatory arbitration, and because the information sought is privileged under California law.  (Misc. Civ. No. 16-45 WJ, Doc. 14 at 4-9.)  Each of these arguments is without merit.  As to the first point, under the terms of this Order, Mr. Sorensen's deposition is to be rescheduled at a mutually convenient time, date, and location, pursuant to an amended subpoena that Plaintiffs' counsel will issue.  That Mr. Sorensen did not receive a witness fee until December 1, 2016 is utterly irrelevant to whether he should be required to sit for a deposition on a future date pursuant to a subpoena that has yet to be issued.  (Misc. Civ. No. 16-45 WJ, Doc. 15-2 at 2-3.)

As to the second point, the dispute this Order addresses arises out of this litigation, and not out of any lawsuit or settlement agreement between Plaintiffs and Mr. Sorensen.  At issue here is whether the information Plaintiffs seek to obtain by deposing Mr. Sorensen is relevant to, and proportional to the needs of, *this* case.  Fed. R. Civ. P. 26(b)(1).  As discussed above, the Court has determined that it is.  Of course, some of this information may also be relevant to disputes arising out of Plaintiffs' and Mr. Sorensen's settlement agreement.  However, that fact has played no part in the Court's determination, nor does it restrict—or expand—the scope of the information Plaintiffs may seek in this case.

Finally, it remains to be seen whether Plaintiffs will seek privileged or confidential information at Mr. Sorensen's deposition, and what law will apply if they do.  *See, e.g.*, *Vondrak v. City of Las Cruces*, 760 F. Supp.2d 1170, 1175-77 (D.N.M. 2009) (discussing law applicable to claims of privilege in federal civil actions).  Also, the Court notes that it has already entered a Stipulated Protective Order in this case, which the parties may certainly use to appropriately limit the dissemination of confidential information.  (Doc. 45.)  In short, Mr. Sorensen has failed to present any reason why he should be excused from appearing to be deposed by Plaintiffs for a

maximum of three (3) hours regarding their claims and Defendants' defenses in this case. For all of the above reasons, the Court will grant Plaintiffs' Motion to Compel Compliance and Motion to Enforce Subpoenas in that it will order Mr. Sorensen to appear to be deposed by Plaintiffs for no more than three (3) hours, at a time, date, and location mutually convenient to the parties and Mr. Sorensen, as set forth in an amended subpoena to be issued by Plaintiffs' counsel.

      b.      <u>No Award of Expenses Under Rule 37</u>

The Court will not award expenses to either party as a result of Plaintiffs' Motion to Compel Compliance and Motion to Enforce Subpoenas. Pursuant to Federal Rule of Civil Procedure 37, if a party's motion to compel is granted or discovery is provided only after the motion is filed, the Court must generally award expenses to the movant. Fed. R. Civ. P. 37(a)(5)(A). However, the Court must not require payment of such expenses if, *inter alia*, "the opposing party's nondisclosure, response, or objection was substantially justified," or "other circumstances make an award of expenses unjust." *Id.* Similarly, if a motion to compel is denied, the Court must generally award expenses to the party opposing the motion, but again, not "if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Finally, "[i]f the motion is granted in part and denied in part, the court…*may*…apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C) (emphasis added).

In this case, the Court has granted Plaintiffs' motions in part and denied them in part. Each party has taken some positions that are substantially justified, and some that are not. For example, Plaintiffs' document subpoena to Mr. Sorensen was significantly overbroad, and seeking to enforce it was not substantially justified. (*See* Order Denying Motion to Compel, Doc. 69 at 6-11 (discussing overbreadth of requests for production substantially similar to

7

Plaintiffs' document subpoena issued to Mr. Sorensen).)  However, Defendant Riven Rock's continued opposition to Plaintiffs' motions, after it knew Plaintiffs had withdrawn the document subpoena and were seeking only to depose Mr. Sorensen, was also not substantially justified. (*See* Doc. 82 at 3-4.)  In these circumstances, an award of expenses to either party would be unjust and inappropriate under Rule 37(a)(5)(A) and (B), and the Court declines to exercise its discretion under Rule 37(a)(5)(C) to apportion expenses between the parties.

    c.    <u>The Parties' Joint Motion for Hearing</u>

Finally, the Court will deny the parties' joint motion for a hearing on Plaintiffs' Motion to Compel Compliance and Motion to Enforce Subpoenas.[4]  (Doc. 80.)  The parties and Mr. Sorensen have filed at least nine (9) pleadings regarding Plaintiffs' motions, and have provided the Court with more than enough information to decide these motions without a hearing. Although the parties maintain that a hearing would be beneficial, they completely fail to explain why.  (*Id.*)  Absent such an explanation, the Court cannot conclude that a hearing would be a useful expenditure of the parties' or the Court's time and resources.

**3.**    **Conclusion**

    IT IS THEREFORE ORDERED as follows:

    1.    Plaintiffs' Motion to Compel Compliance (Misc. Civ. No. 16-45 WJ, Doc. 1) and Motion to Enforce Subpoenas (Doc. 63) are GRANTED IN PART and DENIED IN PART.  The motions are GRANTED in that the Court hereby orders Mr. Sorensen to appear to be deposed by Plaintiffs for no more than three (3) hours, at a time, date, and location mutually convenient to the parties and Mr. Sorensen, as set forth in an amended subpoena to be issued by Plaintiffs' counsel.  The remainder of the motions are DENIED as moot.

---

[4] The Court will also deny the request for an expedited hearing in Plaintiffs' Motion to Enforce Subpoenas.  (Doc. 63 at 3.)

    2.       The Court will not award expenses to either party as a result of Plaintiffs' Motion to Compel Compliance or Motion to Enforce Subpoenas.

    3.       The parties' Joint Motion for Hearing (Doc. 80) is DENIED.

IT IS SO ORDERED.

*/s/ Kirtan Khalsa*
_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE