## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **EMPLOYBRIDGE, LLC**, a California Limited Liability Company, and **EMPLOYMENT SOLUTIONS MANAGEMENT, INC.**, a Georgia Corporation, | Case No. 1:16-cv-00833 WJ/KK |
| Plaintiffs, | |
| v. | |
| **RIVEN ROCK STAFFING, LLC**, a Nevada Limited Liability Company, **LARRY SHAUN SHEPHERD**, an individual, **CATHERINE OLINGER**, an individual, **TERRY MILLER**, and individual, **TIMOTHY JACQUEZ**, an individual, and Does 1 through 25, inclusive, | |
| Defendants. | |

### JOINT MOTION TO EXTEND THE FACT DISCOVERY CUTOFF FOR THE LIMITED PURPOSE OF COMPLETING DEPOSITIONS AND WRITTEN DISCOVERY RESPONSES

Plaintiffs EmployBridge, LLC and Employment Solutions Management, Inc. ("Plaintiffs") and Defendants Riven Rock Staffing, LLC, Terry Miller and Timothy Jacquez (collectively, "Defendants") through their undersigned counsel, respectfully request that the Court further extend certain deadlines set forth in the Court's September 21, 2016, Scheduling Order [Doc. 39], and extended by the Court's December 5, 2016, Order Extending Case Management Deadlines [Doc. 60] for the following reasons:

1.      This trade secrets and non-competition case involves a 12-count complaint filed by Plaintiffs against Defendants.

2.      On September 21, 2016, the Court entered its Order Adopting Amended Joint Status Report and Provisional Discovery Plan with Changes and Setting Case Management Deadlines ("Scheduling Order").

3.      On December 5, 2016, the Court entered its Order Extending Case Management Deadlines ("Order Extending Deadlines").

4.      The Court's Scheduling Order and Order Extending Deadlines currently set the following pre-trial deadlines:

- Termination date for fact discovery:  February 28, 2017 (subsequently extended to March 2, 2017 for completion of the deposition of non-party Stephen Sorensen)

- Motions relating to fact discovery to be filed by: March 13, 2017

- All expert discovery commenced in time to be completed by: March 31, 2017

- Motions regarding expert discovery to be filed by: April 7, 2017

- Pretrial motions (including motions which may require a *Daubert* hearing) to be filed by: April 24, 2017

5.      Since the entry of the Court's Order Extending Deadlines, the parties have been engaged in a good faith effort to complete fact discovery according to the deadlines set forth above.  The parties have propounded and responded to numerous written discovery requests and have taken eleven (11) depositions over the course of the last month.

6.      However, a brief extension of time is necessary to allow the parties to complete discovery.

7.      First, one of Plaintiffs' witnesses, Fran Scott, became ill the day before her scheduled deposition.  Ms. Scott appeared at her deposition, and was able to complete approximately one and a half hours of testimony, but then became too ill to continue.  The

parties are in the process of finding a mutually-convenient date in the near future on which to complete Ms. Scott's deposition.

8.      Second, during the depositions of Defendants Miller and Jacquez and subsequent depositions of Plaintiffs' witnesses, it has become clear that the parties have a dispute as to the authenticity of electronic signatures on the Employment Agreements of Defendants Miller and Jacquez that Plaintiffs seek to enforce in this action.  Those agreements were signed using a third party vendor, DocuSign.  It has therefore become apparent that the parties will need to take limited discovery—most likely a deposition—from DocuSign.  The parties require additional time to complete that discovery.

9.      Third, Plaintiffs have requested, and Defendant Riven Rock has granted, a two-week extension for Plaintiffs to respond to Riven Rock's second set of interrogatories and requests for production.

10.     Fourth, following the depositions of Defendants Miller and Jacquez, Plaintiffs requested that Defendants conduct a supplemental search of Defendants' email accounts and other document repositories to identify additional documents that Plaintiffs previously requested and that Plaintiffs contend are relevant in this action and to which Defendants did not otherwise object.  Pursuant to counsel's good-faith attempts to meet and confer regarding Plaintiffs' request, Defendants are currently conducting a supplemental search for potentially relevant and responsive documents and require additional time to complete that search.

11.     For the reasons set forth above, the parties require additional time to complete fact discovery in this case for the discovery issues set forth in paragraphs 7-10, *supra*.  Apart from taking limited discovery from third-party DocuSign, the parties do not anticipate engaging in

additional discovery but request a further extension of discovery deadlines for the limited purpose of completing discovery already started.

12.     Because the District Court has not entered an order setting any pre-trial deadlines (motions in limine, jury instructions etc.) or a trial date, none of the extensions requested herein will interfere with the trial in this lawsuit, should one be necessary.

13.     Under Fed. R. Civ. P. 16(b)(4), good cause exists for the Court to modify the current Scheduling Order because the parties were simply not able to satisfy the February 28, 2017 discovery deadline for the specific discovery issues (depositions, written discovery) set forth above and for reasons that were not within the control of the parties. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)) (good cause "requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'"). Importantly, the Court should recognize that the parties diligently worked together to complete all fact discovery prior to February 28, 2017, but circumstances have necessitated the need to complete a few remaining depositions and answer written discovery outside of that deadline.

14.     Accordingly, the parties respectfully request that the Court further extend the deadlines set forth in its Scheduling Order, and extended by its Order Extending Deadlines as follows:

- Termination date for discovery for the specific discovery issues set forth herein: March 31, 2017.

- Motions relating to discovery (other than expert discovery) to be filed by: April 21, 2017

15.     This request is not made for the purpose of undue delay and will not unreasonably delay the resolution of this action.  An extension of the Court's deadline is necessary due to unanticipated developments.

WHEREFORE, the parties respectfully request that this Court extend the aforementioned deadlines set forth in the Court's Scheduling Order and Order Extending Deadlines.

Respectfully submitted this 13th day of March, 2017.


*//s// Daniel P. Hart                          /*

SEYFARTH SHAW LLP
Daniel P. Hart
1075 Peachtree Street, NE, Suite 2500
Atlanta, Georgia 30309
dhart@seyfarth.com

RODEY, DICKASON, SLOAN,
AKIN & ROBB, P.A.
Thomas L. Stahl
Scott Gordon
201 Third Street NW, Suite 2200
Albuquerque, New Mexico 87102
tstahl@rodey.com
sgordon@rodey.com

SEYFARTH SHAW LLP
Michael Cross
400 Capitol Mall
Suite 2350
Sacramento, CA  95814-4428
mcross@seyfarth.com

*Attorneys for Plaintiffs*

*//s// Repps D. Stanford                          /*

MOODY & WARNER, P.C.
Christopher M. Moody
Repps D. Stanford
4169 Montgomery Blvd. NE
Albuquerque, NM 87109
moody@nmlaborlaw.com
stanford@nmlaborlaw.com

*Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on March 13, 2017, a true and correct copy of the **JOINT MOTION TO EXTEND THE FACT DISCOVERY CUTOFF FOR THE LIMITED PURPOSE OF COMPLETING DEPOSITIONS AND WRITTEN DISCOVERY RESPONSES** was served on Defendants via the via the Court's CM/ECF electronic filing system to the following counsel of record:

Christopher M. Moody
Repps D. Stanford
4169 Montgomery Blvd., N.E.
Albuquerque, NM  87109
moody@nmlaborlaw.com
stanford@nmlaborlaw.com

DATED: March 13, 2017                SEYFARTH SHAW LLP,

                                                    */s/ Daniel P. Hart                      /*