UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **EMPLOYBRIDGE, LLC**, a California Limited Liability Company, and **EMPLOYMENT SOLUTIONS MANAGEMENT, INC.**, a Georgia Corporation,<br><br>        Plaintiffs,<br><br>   v.<br><br>**RIVEN ROCK STAFFING, LLC**, a Nevada Limited Liability Company, **LARRY SHAUN SHEPHERD**, an individual, **CATHERINE OLINGER**, an individual, **TERRY MILLER**, and individual, **TIMOTHY JACQUEZ**, an individual, and Does 1 through 25, inclusive,<br><br>        Defendants. | Case No. 16-833-WJ/KK<br><br>**DEFENDANT RIVEN ROCK STAFFING, LLC'S SUPPLEMENTAL ANSWER AND OBJECTIONS TO PLAINTIFF'S INTERROGATORY NO. 7** |

### DEFENDANT RIVEN ROCK STAFFING, LLC'S SUPPELEMENTAL ANSWER AND OBJECTIONS TO PLAINTIFF'S INTERROGATORY NO. 7

7.     Identify any sales the Individual Defendants have made to any current or former EmployBridge customers on behalf of Riven Rock.

**Answer:**     Defendant objects on the grounds that the request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, is patently overly broad on its face, impermissibly seeks confidential and proprietary information from a competitor and is designed for the purpose of harassment and annoyance and to try to gain an unfair and improper business advantage over Defendant.  Even the non-solicitation provisions that are at issue in this lawsuit do not prohibit either Riven Rock or the individual Defendants

EXHIBIT 1

from making sales with or from EmployBridge's former or current customers, as set forth in the plain language of the individual's respective non-solicitation provisions.

Defendant further objects on the grounds that the interrogatory fails to identify, with reasonable particularity, the domain of EmployBridge's current and former customers in order for Defendant to adequately respond.

Without waiving these objections, the only customer that has been solicited by any individual Defendant, through Riven Rock Staffing, LLC, resulting in a sale and that relates to any of the specific and respective non-solicitation covenants at issue in this lawsuit is Superior Ambulance by Ms. Catherine Olinger. A copy of the paperwork related to that effort and that contains the responsive sales information is being served herewith.

**SUPPLEMENTAL ANSWER**: Defendant incorporates by reference its previous answer and objections, to which Defendant never moved within twenty one (21) days to contest. Without waiving those objections and pursuant to an effort to work out a compromise over the scope of the 30(b)(6) deposition, to which Defendant still objects on the grounds of scope, Defendant provides the following additional information:

Defendant has not done any sales with Creamland, Dairies, Stock Building Supply, BMC, LKQ Corporation, Keystone, Fidelitone, Acme Iron & Metal, or R+L Carriers. Ink Impressions is also Automated Election Services. For AES, the total amount of revenue from 4/1/2016 to 4/13/2017 is $155,499.84. For RAC Transport, the total amount of revenue from 4/1/2016 to 4/13/2017 is $2,163.80. For Superior Ambulance, the total amount of revenue from 04/1/2016 to 4/13/2017 is $63,793.62.

EXHIBIT 1

3

        Respectfully submitted,

        **MOODY & WARNER, P.C.**

        By: <u>*/s/ Repps Stanford 2017.04.14*</u>
           Christopher M. Moody
           Repps D. Stanford
        4169 Montgomery Blvd NE
        Albuquerque, NM   87109
        (505) 944-0033
        moody@nmlaborlaw.com
        stanford@nmlaborlaw.com
        *Attorney for Defendants*

EXHIBIT 1