Shepherd, Catherine Olinger, Tim Jacquez, and Defendant all left EmployBridge at around the same time.  A few months after Shaun Shepherd, Catherine Olinger, Tim Jacquez, and Defendant left EmployBridge, Riven Rock began operation down the street from the Select branch office.  Donyelle Rose and Ashkan Abtahi, Riven Rock's principals, are former Select Staffing employees.

**INTERROGATORY NO. 14:**

Please describe the damages that you contend were caused by the unlawful actions of Miller and please provide a specific computation of those damages.

**ANSWER:**

Plaintiff objects to the Interrogatory in the ground that it is argumentative.  The Interrogatory improperly implies that Plaintiff is required to parse the amount of damages caused by each individual defendant in this action.  Plaintiff has not and does not plan to undertake such a project.  The interrogatory also improperly assumes that Plaintiff's damages are static.  To the contrary, Plaintiff has reason to believe that the named defendants continue to engage in actions that serve to further damage Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff responds that it has been damaged by Defendants' unlawful action in an amount that exceeds $500,000.  As they relate most directly to Defendant, Plaintiff's damages are the result of Defendant, either individually or in conjunction with other named defendants, soliciting EmployBridge clients Creamland Dairy, Stock Building Supply, LKQ, Acme Iron and Metal, R & L Carriers, and RAC Transport.  Additional damages were also caused by named defendants' solicitation of EmployBridge clients Ink Impressions, Superior Ambulance, Insight Lighting, and the City of Albuquerque.

15

EXHIBIT 12

consent," including the date on the which the conduct took place and the manner in which it took place, and please identify all material witnesses with knowledge or information about each alleged threatened disclosure or use.

**ANSWER:**

See response to Interrogatory No. 9.

**INTERROGATORY NO. 11:**

Please provide all material facts in support of your contention in Paragraph 120 of the Amended Complaint that Jaquez personally "interfered and continue[s] to interfere with EmployBridge's contractual relationships with its customers by soliciting customers to discontinue their business with EmployBridge and/or to purchase from Defendants services they previously purchased or are currently purchasing from EmployBridge," including the date on the which the conduct took place and the manner in which it took place, and please identify all material witnesses with knowledge or information about each alleged unlawful act of interference.

**ANSWER:**

See response to Interrogatory No. 7.

**INTERROGATORY NO. 12:**

Please provide all material facts in support or your contention in Paragraph 161 of the Amended Complaint that Jaquez "conspired by concerted action to solicit EmployBridge's customers, and/or interfere with EmployBridge's relationships with its customers, contractual or otherwise," including the date of the alleged concerted action, the identity of each individual involved in each concerted action, the manner in which the concerted action took place, and the identity of all material witnesses with knowledge or information about each alleged concerted action.

**ANSWER:**

Alan Scarf, a Regional Manager for ProDrivers' client Creamland Dairy, reported that in August 2016, Defendant Miller and former EmployBridge employee Amber Fluitt had made a sales call to Creamland Dairy on behalf of Riven Rock. According to Mr. Scarf, Mr. Miller and Ms. Fluitt solicited him for business and undercut ProDrivers' price by forty cents per hours on placement of a temporary driver.

Defendant and Defendant Miller have approached Stock Building Supply, a long-time client of EmployBridge, to offer Stock driving services on behalf of Riven Rock. On or about

11

EXHIBIT 12

June 30, 2016, Defendant and Defendant Miller approached Mike Pacheco, who is the

Component Plant Manager at Stock, and represented that if Stock used Riven Rock for its

driving needs, it could save five dollars per hour over EmployBridge's rates.

Defendant and Defendant Miller have approached LKQ, a long-time client of

EmployBridge, to offer LKQ driving services on behalf of Riven Rock. LKQ is an automotive

parts supplier doing business in Albuquerque, New Mexico, as Keystone Automotive. On or

about June 15, 2016, Amber Fluitt, a Riven Rock employee, solicited LKQ to leave

EmployBridge and use Riven Rock to supply it drivers for its delivery needs. Fluitt followed up

on her visit with emails to LKQ on June 17 and July 7. In her July 7 email, Fluitt stated: "We

[Riven Rock] have Tim Jacquez as part of our team now and he is working on getting the

transportation side up and running sooner than later."

Defendant has approached Acme Iron and Metal, which is the largest scrap metal recycler

in New Mexico and long-time client of EmployBridge, on behalf of Riven Rock. On or about

July 1, 2016, Defendant, along with another Riven Rock employee--Amber Fluitt, contacted

Acme's Accounts Manager, Keaton Wynn, and represented that if Acme used Riven Rock for its

driving needs, Riven Rock would offer a discounted rate that was below EmployBridge's rate.

As a result of Defendant and Fluitt's solicitation of Acme Iron and Metal, Acme has recently

demanded that EmployBridge match the price that Riven Rock stated it could offer.

EmployBridge has given Acme that discount.

On or about July 14, 2016, Defendant Miller approached Mitch Michaud, the Service

Center Manager at R&L Carriers, an EmployBridge client, on behalf of Riven Rock. Miller told

Mr. Michauld that Riven Rock could offer an alternative to EmployBridge's driver and staffing

12

EXHIBIT 12

solutions.  Miller also informed Mr. Michauld that Riven Rock could offer R&L a rate that was lower than EmployBridge's.

In late July or early August, 2016, Gareth Floyd, Terminal Manager for ProDrivers' client RAC Transport, stated that Defendant Miller and Amber Fluitt had stopped by RAC to introduce Riven Rock and their services.  Floyd reported that RAC Transport was using Riven Rock to supply it with temporary dock workers, warehouse workers, and administrative staff because Riven Rock promised to supply bilingual temporary employees.  Floyd also said that he was informed that  Riven Rock's driving service would be available and he preferred to use one service for all of his staffing.  Floyd stated that Riven Rock quoted 50 cents less per hour than EmployBridge's current rate.

On July 29, 2016, a ProDrivers' temporary employee named Robert Gomez resigned his employment with EmployBridge.  ProDrivers had placed Mr. Gomez with Industrial Chemical, a longstanding ProDrivers client with whom both Defendant and Defendant Miller interacted while employed by ProDrivers.  On August 1, 2016, Industrial Chemical canceled its business with ProDrivers.  The next day, ProDrivers received a Former Employer Verification from Riven Rock indicating that Riven Rock had hired Mr. Gomez.

Amber Fluitt, Shaun Shepherd, Catherine Olinger, Terry Miller, and Defendant were all EmployBridge employees who worked in the Albuquerque, New Mexico, market.  Shaun Shepherd, Catherine Olinger, Terry Miller, and Defendant all left EmployBridge at around the same time.  A few months after Shaun Shepherd, Catherine Olinger, Terry Miller, and Defendant left EmployBridge, Riven Rock began operation down the street from the Select branch office.  Donyelle Rose and Ashkan Abtahi, Riven Rock's principals, are former Select Staffing employees.

13

EXHIBIT 12