THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| **EMPLOYBRIDGE, LLC**, a California Limited Liability Company, and **EMPLOYMENT SOLUTIONS MANAGEMENT, INC.**, a Georgia Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**RIVEN ROCK STAFFING, LLC**, a Nevada Limited Liability Company, **LARRY SHAUN SHEPHERD**, an individual, **CATHERINE OLINGER**, an individual, **TERRY MILLER**, and individual, **TIMOTHY JACQUEZ**, an individual, and Does 1 through 25, inclusive,<br><br>Defendants. | Case No. 16-833-WJ/KK |

**PLAINTIFFS' MOTION TO STAY RULING ON SUMMARY JUDGMENT MOTIONS PENDING RESOLUTION OF ARBITRATION WITH MEMORANDUM OF LAW IN SUPPORT**

Plaintiffs EmployBridge, LLC, and Employment Solutions Management, Inc. (collectively "EmployBridge"), by their attorneys, respectfully move this Court to stay its ruling on Defendants' two motions for summary judgment (Dkt. 104 and 105) pending arbitration of Plaintiffs' claims against Defendants Shepherd and Olinger, which predominate in this lawsuit. For the reasons set forth below, EmployBridge's motion should be granted. Pursuant to D.N.M.LR-Civ. 7.1, counsel for EmployBridge has conferred with counsel for Defendants, who has indicated that Defendants will oppose this Motion.

**I.     INTRODUCTION**

At the outset of this lawsuit, EmployBridge asked this Court to order Defendants Shepherd and Olinger to submit to binding arbitration pursuant to arbitration provisions in the Employment Agreements that are the basis of this lawsuit. Far from opposing this request, Defendants consented to arbitrate the claims against Shepherd and Olinger and asked the Court

for a stay order on the ground that "[Plaintiffs] are not permitted to circumvent the arbitration forum" (Dkt. 34 at 4.)  Following agreement of the parties, the parties then diligently proceeded in the arbitration forum, where they have completed discovery and are scheduling a mediation pursuant to the arbitrator's order that the parties mediate their claims prior to a hearing on the merits.

Yet now, Defendants seek to circumvent the arbitration forum by effectively asking this Court to dismiss claims against Shepherd and Olinger that are before the arbitrator and not before this Court.  Indeed, although Defendants purport to bring their motions for summary judgment on behalf of only Defendants Riven Rock, Jacquez, and Miller, Defendants dedicate large portions of their summary judgment motions to arguing that Shepherd and Olinger did not breach their Employment Agreements or otherwise unlawfully compete with EmployBridge.  As explained in EmployBridge's responses in opposition to the motions for summary judgment, Defendants' arguments are without merit.  Procedurally, however, such questions should be resolved by the arbitrator.

As is clear from Defendants' motions for summary judgment, the arbitrable claims pending against Shepherd and Olinger predominate in this lawsuit.  Moreover, the nonarbitrable claims that Defendants move this Court to adjudicate are inextricably bound up in the arbitrable ones.  As a result, the determination of numerous issues on which Defendants ask this Court to rule depends on the resolution of issues that must first be determined through arbitration.  For these reasons, the Court should stay its ruling on Defendants' summary judgment motions until the claims subject to arbitration have been adjudicated.  Once those predicate claims have been determined, the issues Defendants seek to resolve through their summary judgment motions can be decided.

## II.     BACKGROUND FACTS AND PROCEDURAL HISTORY

EmployBridge filed this action on July 20, 2016 and simultaneously sought an order compelling defendants Shepherd and Olinger to submit to arbitration as required by their Employment Agreements.  (Dkt. 1.)  On September 9, 2016, the parties filed a joint status report.

(Dkt. 34.)  In the joint status report, the parties stipulated that Shepherd and Olinger were subject to arbitration agreements.  (*Id*. at 2.)  Indeed, in Defendants' submission in the joint status report, Defendants argued that "[t]he legal claims against Shepherd and Olinger, and most if not all discovery related to them, are subject to binding and enforceable arbitration and Defendants [*sic*][1] are not permitted to circumvent the arbitration forum to engage in full blown discovery in this Court.  A stay Order is therefore warranted." (*Id.*)

On September 21, 2016, the Court adopted the parties report, including the parties' agreement that Shepherd and Olinger are subject to binding arbitration.  (Dkt. 39.)  Although the Court did not expressly state so, its September 21 Order effectively stayed this case with respect to Shepherd and Olinger by excluding them from the pretrial plan.  (*Id*.)

Following their stipulation to arbitrate, EmployBridge, Shepherd, and Olinger engaged the services of Mel Yost, an arbitrator in Santa Fe, New Mexico.  Because Mr. Yost has ordered the parties to mediate their claims, the parties are in the process of scheduling dates for their mediation, at which they will attempt to resolve all pending claims among the parties (including the claims in arbitration and those before this Court).  If the claims are not resolved through mediation, the claims against Shepherd and Olinger will be resolved by a hearing on the merits that the arbitrator will schedule following completion of mediation.

## III.   ARGUMENT

As this Court has already recognized, the Federal Arbitration Act ("FAA") mandates that, upon an application by one of the parties, courts stay all aspects of litigation during an arbitration, including pre-trial proceedings and trial.  Specifically, Section 3 of the FAA provides, in pertinent part:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court . . . shall on application of one of the parties stay the trial of the action until

---

[1] Presumably Defendants intended to say that "Plaintiffs" are not permitted to circumvent the arbitration forum, though Defendants' observation applies equally to all parties.

>such arbitration has been had in accordance with the terms of the agreement . . . .

9 U.S.C. § 3 (emphasis added). *See also EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) (stating that FAA provides for stays of proceedings in courts "when an issue in the proceeding is referable to arbitration").

Courts also have discretion to stay nonarbitrable claims pending the determination of arbitrable claims. *Chelsea Family Pharmacy, PLLC v. Medco Health Solutions, Inc.*, 567 F.3d 1191, 1196 (10th Cir. 2009); *Summit Contractors, Inc. v. Legacy Corner, LLC*, 147 Fed. App'x 798, 802 (10th Cir. 2005); *Riley Mfg. Co., Inc. v. Anchor Glass Container Corp.*, 157 F.3d 775, 785 (10th Cir. 1998). *See also Klay v. All Defendants*, 389 F. 3d 1191, 1204 (11th Cir. 2004). Discretionary stays are appropriate when, as here, the arbitrable claims predominate the lawsuit. *See Riley*, 157 F.3d at 785. *See also Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F. 2d 840, 856 (2d Cir. 1987). In addition, where the determination of a nonarbitrable issue would depend on the determination of an arbitrable issue, a stay of the nonarbitrable issue is appropriate. *See Summit Contactors, Inc. v. Legacy Corner, LLC*, 147 Fed. App'x 798, 802 (10th Cir. 2005) (noting that it may be advisable to stay litigation pending the outcome of arbitration); *see also Summer Rain v. The Donning Co./Publishers Inc.*, 964 F. 2d 1455, 1461 (4th Cir. 1992) ("[W]e are of the opinion that litigation on the non-arbitrable issues which depend on the arbitrable issues should be stayed pending arbitration.").

Both rationales for discretionary stay are present here. As Defendants' motions make clear, the arbitrable claims predominate the lawsuit. Despite the fact that Defendants' purportedly brought their motions for summary judgment only on behalf of Riven Rock, Miller, and Jacquez, Defendants make repeated merits arguments regarding the claims brought against Olinger and Shepherd. (*See, e.g.*, Dkt. 104 at 17-21 (arguing that "Shepherd and Olinger did not violate their non-solicitation provisions"); *id*. at 21-22 ("Shepherd did not have an enforceable non-competition provision"); Dkt. 105 at 10 ("Shepherd did nothing to solicit Ink Impressions."); *id*. ("Olinger did nothing to influence, or attempt to influence, Ink to cease business with

4

Plaintiffs.") *id.* at 19 ("There is no evidence Shepherd did anything with RAC"); *id.* at 21 ("Olinger never violated her post-employment covenant.").) Questions about the merits of the arbitrable claims against Shepherd and Olinger predominate Defendants' summary judgment motions. Accordingly, the Court should not rule on those motions until the predicate facts relating to Shepherd and Olinger have been adjudicated in arbitration.

It has likewise become clear that determination of the nonarbitrable issues depends on the determination of the arbitrable issues. For example, Defendants argue that Riven Rock cannot be vicariously liable for Olinger and Shepherd's breaches of their non-solicitation provisions because "[n]othing Shepherd did qualifies as active solicitation" and "[t]here is likewise no evidence Olinger influenced, or attempted to influence, the City, as prohibited by her non-solicitation provision, such that the conduct could be attributed to [Riven Rock] et al." However, whether anything Shepherd did qualifies as active solicitation and whether Olinger influenced, or attempted to influence, the City, are issues before the arbitrator. Because determination of the claims against Riven Rock depends on the determination of claims before the arbitrator, the entire case should be stayed pending resolution of the arbitration.

A stay is also appropriate with respect to all parties to this litigation, even though not all parties are signatories to arbitration agreements. In this case, where the nonarbitrable claims are dominated by and bound up with the arbitrable ones, permitting the action to proceed without a stay as to the non-signatory defendants "would undermine the arbitration proceedings between [the signatories], thereby thwarting the federal policy in favor of arbitration." *Hill v. G E Power Sys.*, Inc., 282 F.3d 343, 348 (5th Cir. 2002); *see also Kroll v. Doctor's Associates, Inc.*, 3 F.3d 1167, 1171 (7th Cir. 1993). The mere fact that Riven Rock, Miller, and Jacquez are not parties to the arbitration agreements does not mean that the claims pending against them cannot be stayed. In fact, for the reasons set forth above, those claims should be stayed because they are predominated by and inextricable from the arbitrable claims.

IV. **CONCLUSION**

For the reasons set forth above, the Court should stay its ruling on Defendants' motions

5

for summary judgment until the claims pending before the arbitrator have been decided.

DATED: May 30, 2017 Respectfully submitted,

*/s/ Daniel P. Hart            /*

RODEY, DICKASON, SLOAN,
AKIN & ROBB, P.A.
tstahl@rodey.com
201 Third Street NW, Suite 2200
Albuquerque, New Mexico 87102
Telephone: (505) 768-7240
Facsimile: (505) 768-7395

SEYFARTH SHAW LLP
Daniel P. Hart
1075 Peachtree Street, NE, Suite 2500
Atlanta, Georgia 30309
Telephone: (404) 881-5433
Facsimile: (404)

SEYFARTH SHAW LLP
Michael Cross
400 Capitol Mall
Suite 2350
Sacramento, CA 95814-4428
Telephone: (916) 498-7017
Facsimile: (916) 288-6330

*Attorneys for Plaintiffs*
*EMPLOYBRIDGE, LLC and*
*EMPLOYMENT SOLUTIONS*
*MANAGEMENT, INC.*

## CERTIFICATE OF SERVICE

I certify that on May 30, 2017, I filed the foregoing PLAINTIFFS' MOTION TO STAY RULING ON SUMMARY JUDGMENT MOTIONS PENDING RESOLUTION OF ARBITRATION CLAIMS WITH MEMORANDUM OF LAW IN SUPPORT and that it was served on Defendants via the Court's CM/ECF electronic filing system to the following counsel of record, as reflected on the Notice of Electronic Filing (NEF):

Christopher M. Moody
Repps D Stanford
Moody & Warner PC
4169 Montgomery Blvd. NE
Albuquerque, NM 87109
moody@nmlaborlaw.com
stanford@nmlaborlaw.com

*/s/ Daniel P. Hart            /*
*Attorney for Plaintiffs*