# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

EMPLOYBRIDGE, LLC et al., a California
Limited Liability Company, and
EMPLOYMENT SOLUTIONS
MANAGEMENT, INC., a Georgia
Corporation,

        Plaintiffs,

        v.                                                                                          Civ. No. 16-833 WJ/KK

RIVEN ROCK STAFFING, LLC et al., a Nevada
Limited Liability Company, LARRY SHAUN
SHEPHERD, an individual, CATHERINE
OLINGER, an individual, TERRY MILLER,
an individual, TIMOTHY JACQUEZ, an
individual, and Does 1 through 25, inclusive,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## IMPOSING A STAY ON RULING ON DEFENDANTS' SUMMARY JUDGMENT
## MOTIONS PENDING RESOLUTION OF ARBITRATION

THIS MATTER comes before the Court upon Plaintiffs' Motion to Stay Ruling on Summary Judgment Motions Pending Resolution of Arbitration, filed May 30, 2017 **(Doc. 108)**. Having reviewed the parties' pleadings and the applicable law, the Court finds that Plaintiffs' motion is well-taken and, therefore, is granted.

## BACKGROUND

Plaintiffs EmployBridge, LLC and Employment Solutions Management, Inc. (collectively "EmployBridge") provide staffing and workforce management services throughout the United States, including Albuquerque, in a variety of staffing sub-markets. Defendants are former employees currently operating a competing business under the name Riven Rock Staffing, LLC ("Riven Rock") which is located only three miles from their previous work

location at EmployBridge. Plaintiffs are suing Defendants for breaching their employment agreements which include provisions relating to non-competition, non-solicitation and non-disclosure of trade secrets/confidential information.

In addition to seeking damages and injunctive relief, the Amended Complaint is also a demand for arbitration. Doc. 23 at 1 and 40 (seeking as relief "an order compelling Shepherd and Olinger to submit to binding arbitration pursuant to their contractual obligations to EmployBridge"). According to the amended complaint, the written agreements ("Agreements") entered into by Larry Shaun Shepherd and Catherine Olinger state that both of them agree to have any dispute between themselves and EmployBridge "submitted and determined by binding arbitration in conformity with the procedures of the Federal Arbitration Act and the California Arbitration Act. . . ." Doc. 23, ¶39.

Defendants initially consented to arbitrate the claims against Shepherd and Olinger. In the Joint Status Report, Defendants contended that "[t]he legal claims against Shepherd and Olinger, and most if not all discovery related to them, are subject to binding and enforceable arbitration" and that a "stay Order is therefore warranted." Doc. 34 at 4. On September 21, 2016, the Court adopted the parties' Joint Status Report. Doc. 39. Plaintiffs observe that the Court's adoption of the parties' stipulation to a stay effectively stayed this case, although a stay was never specifically ordered by the Court.

Following this stipulation to arbitrate, Employbridge, Shepherd and Olinger engaged the services of a private arbitrator who has ordered the parties to mediate their claims. The parties are now in the process of scheduling dates for their mediation and are attempting to resolve all claims (both those before the arbitrator and those before this Court) in a global settlement. If the

claims are not resolved through mediation, the claims against Shepherd and Olinger will be resolved by a hearing on the merits that will be scheduled following completion of mediation.

In this motion, Plaintiffs seek a stay on the Court's ruling on the two pending summary judgment motions filed by Defendants (Docs. 104 and 105) until the claims before the arbitrator have been decided.

## DISCUSSION

Section 3 of the Federal Arbitration Act ("FAA") mandates that, upon an application of one of the parties, courts stay all aspects of litigation during an arbitration, including pre-trial proceedings and trial. 9 U.S.C. §3; *see also EEOC v. Waffle House, Inc.,* 534 U.S. 279, 289 (2002) (stating that FAA provides for stays of proceedings in courts "when an issue in the proceeding is referable to arbirtration").

Courts also have discretion to stay nonarbitrable claims pending the determination of arbitrable claims. *Chelsea Family Pharmacy, PLLC v. Medco Health Solutions, Inc*., 567 F.3d 1191, 1196 (10th Cir. 2009). In exercising its discretion a Court should "consider whether resolution of the arbitrable claims will have a preclusive effect on the nonarbitrable claims that remain subject to litigation. Discretionary stays are appropriate when the arbitrable claims predominate the lawsuit. *Riley Mfg. Co., Inc. v. Anchor Glass Container Corp*., 157 F.3d 775, 785 (10th Cir. 1998) (citing *Genesco, Inc. v. T. Kakiuchi & Co*., 815 F.2d 840, 856 (2d Cir.1987) (holding that "[b]road stay orders are particularly appropriate if the arbitrable claims predominate the lawsuit and the nonarbitrable claims are of questionable merit"). "On the other hand, the mere fact that piecemeal litigation results from the combination of arbitrable and nonarbitrable issues is not reason enough to stay [the] entire case." *Riley*, 157 F.3d at 785 (citing *Coors Brewing Co. v. Molson Breweries*, 51 F.3d 1511, 1517 (10th Cir. 1995) (holding that

"litigation must proceed in a 'piecemeal' fashion if the parties intended that some matters, but not others, be arbitrated")). Also, where the determination of a nonarbitrable issue would depend on the determination of an arbitrable issue, a stay of the nonarbitrable issue is appropriate. *See Summit Contactors, Inc. v. Legacy Corner*, LLC, 147 Fed. App'x 798, 802 (10th Cir. 2005) (noting that it may be advisable to stay litigation pending the outcome of arbitration); *see also Summer Rain v. The Donning Co./Publishers Inc.*, 964 F. 2d 1455, 1461 (4th Cir. 1992) ("[W]e are of the opinion that litigation on the non-arbitrable issues which depend on the arbitrable issues should be stayed pending arbitration.").

Plaintiffs contend that both rationales for discretionary stay—the predominance of the arbitrable claims and the dependence of the non-arbitrable issues on the arbitrable issues—are present here. While Defendants have brought their motions for summary judgment only on behalf of Riven Rock, Miller and Jacquez, Plaintiffs point out that Defendants have dedicated large portions of their summary judgment motions to arguing that Shepherd and Olinger did not breach their Employment Agreements or otherwise unlawfully compete with EmployBridge: Doc. 104 at 17-21 (arguing that "Shepherd and Olinger did not violate their non-solicitation provisions"); *id*. at 21-22 ("Shepherd did not have an enforceable non-competition provision"); Doc. 105 at 10 ("Shepherd did nothing to solicit Ink Impressions."); *id*. ("Olinger did nothing to influence, or attempt to influence, Ink to cease business with Plaintiffs.") i*d.* at 19 ("There is no evidence Shepherd did anything with RAC.").[1] Defendants themselves appear to recognize that the non-arbitrable claims in this case are intertwined with the arbitrable claims. In their response to this motion, Defendants state that the non-arbitrable claims for which Defendants seek

---

[1] There is no identification of what "RAC" is, although the Court has found reference to "RAC Transport" in one of the summary judgment motions. Doc. 105 at 2.

4

summary judgment and for which plaintiffs seek a stay "are entirely duplicative of the arbitrable claims . . . for which Plaintiffs seek resolution by an Arbitrator." Doc. 121 at 7.[2]

Defendants contend that Plaintiffs could have asked for a stay before this point in the litigation, and point out that not once during Plaintiffs' request for equitable and injunctive relief did they ever request a stay pursuant to the FAA. These objections are meritless. First, Defendants do not dispute that both parties agreed to arbitrate their claims against Defendants Shepherd and Olinger. Second, the completion of discovery does not affect whether the parties' agreement to arbitrate those claims should not be enforced; the information gleaned from discovery may have some value for the mediation process. Third, Plaintiffs' invocation of this Court's injunctive powers at the inception of this case has no bearing on Plaintiff's request for a stay. Those efforts were directed to stemming the damage resulting from Defendants' alleged continued violation of the employment agreements pending a judicial resolution. To that end, the parties entered into a Stipulated Preliminary Injunction that remains in place until either a final ruling on the merits by this Court or an arbitrator or "until such time as an Order is issued pursuant to any Motion filed by either party requesting a modification to this stipulated Order." Doc. 32 at 5.

Plaintiffs do not seek a wholesale stay of the case and do not ask the Court to refrain from ruling on non-arbitrable issues. However, because Defendants' summary judgment motions focus largely on issues that are central to the claims before the arbitrator, a stay may well have the practical effect of a global stay on the case. Also, because Defendants have chosen to present in their dispositive motions for the Court's consideration some of the same issues now before the arbitrator, any rulings by this Court on those issues would have a preclusive effect on the claims

---

[2] Defendants refer to "COA claims" throughout the response, *see e.g.,* Doc. 121 at 8, but provide no explanation of what the acronym stands for.

before the arbitrator. Denying the request for a stay would render moot the parties' agreement to arbitrate those claims and the Court finds that the better course is to grant Plaintiffs' request for a stay. *See, e.g., Riley v. Anchor Glass*, 157 F.3d 775, 785 (10th Cir. 1998) (noting that if "resolution of [the] arbitrable claims will have a preclusive effect on the nonarbitrable claims that remain subject to litigation," then those non-arbitrable claims should be stayed). As Plaintiffs point out, allowing the parties to proceed with the arbitration course may result in a successful mediation, which may in turn result in the resolution of all the claims in this case. The Court therefore finds that there is no good reason to deny the request for a stay, and every reason to grant it.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion to Stay Ruling on Summary Judgment Motions Pending Resolution of Arbitration **(Doc. 108)** is hereby GRANTED in that the Court hereby STAYS any rulings on Defendants' pending summary judgment motions until the claims subject to arbitration have been adjudicated;

**IT IS FURTHER ORDERED** that parties formally advise the Court of any status change in this case relating to mediation or arbitration which may cause the Court to lift the stay now entered.

_____
UNITED STATES DISTRICT JUDGE